## W. E. SCHAFFER v. ABRAHAM HEIDENHEIMER.

Decided June 6, 1906.

### 1.—Deed—Description of Land—Repugnancy.

Every part of a deed must be given effect if possible, and the largest estate arising from its terms will be given to the grantee. But the intent of the parties, as in all contracts, when it can be arrived at from the deed, should prevail, unless contrary to law.

### 2.—Same—Particular Description—General Description.

Where a deed, after describing the land conveyed by metes and bounds, contained a reference to another deed for a further description, and a repug-

nance is found to exist between the field notes given and the description in the deed referred to, the field notes will control.

Appeal from the District Court of Liberty County.    Tried below before Hon. L. B. Hightower.

*Baldwin & Christian,* for appellant.—The trial court erred in rendering judgment for the plaintiff Abraham Heidenheimer for the land, or any part of the land, involved in this suit, for the reason that, under the agreed facts in the case, the plaintiff was not entitled to recover. Cartwright v. Trueblood, 90 Texas, 535; Hancock v. Butler, 21 Texas, 816; Peck v. Hensley, 20 Texas, 677; Burleson v. Burleson, 28 Texas, 415; Perry v. Rice, 10 Texas, 373; Faulk v. Daschiel, 62 Texas, 646; Brown v. Chambers, 63 Texas, 135; Jordan v. Young, 56 S. W. Rep., 762; Lauchheimer v. Saunders, 27 Texas Civ. App., 485; Sanger v. Roberts, 92 Texas, 316; Arambula v. Sullivan, 80 Texas, 621; Smith v. Chatham, 14 Texas, 328; Devlin on Deeds, secs. 848, 1039, 1040, 1041; Martindale on Conveyancing, sec. 108; Enc. of Law & Pro., vol. 13, p. 632; Lauchheimer v. Saunders, 27 Texas Civ. App., 485; Dodge v. Nichols, 5 Allen (Mass.), 548; Foss v. Crisp, 20 Pick. (Mass.), 121; Boone v. Clark, 129 Ill., 499 to 502; Am. and Eng. Ency. of Law (2d ed.), vol. 17, p. 10.

Where a deed refers to another deed or a map or a survey, and makes the same a part thereof, it has the effect to incorporate such deed, map or survey so referred to into the description the same as if copied into the deed itself, and all that is therein described will pass by such a conveyance; and inasmuch as the deed under consideration referred to the deed from the administrator of John S. Sydnor to Sampson Heidenheimer, recorded in book D, pages 326 to 328 of the deed records of Liberty County, and made it a part thereof for the description of the land intended to be conveyed, and inasmuch as the deed referred to described accurately the entire south three-fourths of said league, it passed to the grantee, Victor B. Wilson, the entire south three-fourths regardless of the description by metes and bounds contained in said deed.    Brown v. Chambers, 63 Texas, 135; Jordan v. Young, 56 S. W. Rep., 762; Devlin on Deeds, sec. 1040; Martindale on Conveyancing, sec. 108; Enc. of Law & Pro., vol. 13, p. 632, and other authorities cited under our first proposition.

*Jas. B. & Chas. J. Stubbs* and *J. F. Dabney,* for appellee.—A deed should be construed so as to give effect to the intention of the grantor. Farley v. Deslonde, 58 Texas, 591 (same case, 69 Texas, 460); Cravens v. White, 73 Texas, 579; Tendick v. Evetts, 38 Texas, 281; Hancock v. Butler, 21 Texas, 806; Pugh v. Mays, 60 Texas, 193; Cleveland v. Sims, 69 Texas, 155; Haldeman v. Chambers, 19 Texas, 45.

A deed capable of two constructions, one of which is consistent with an intention on the part of the grantor to do that which is lawful, and the other showing an intention to do that which is unlawful, will be construed so as to support the former intention.    Hancock v. Butler, 21 Texas, 804; Macmanus v. Orkney, 91 Texas, 31; Laval v. Staffel, 64 Texas, 373; Pugh v. Mays, 60 Texas, 193; Smith v. Brown, 66 Texas, 545.

The rule that the courts will confer on the grantee the greatest estate that the terms of the deed will permit, is subordinate to the rule that every part of the instrument should be harmonized and given effect to, if it can be done. Cartwright v. Trueblood, 90 Texas, 538; Risien v. Brown, 73 Texas, 141; Calder v. Davidson, 59 S. W. Rep., 302; Hancock v. Butler, 21 Texas, 816; Smith v. Westall, 76 Texas, 511.

A particular description in a deed will control a general description. Cullers v. Platt, 81 Texas, 263; Boggess v. Allen, 56 S. W. Rep., 195; Sanger Bros. v. Roberts, 92 Texas, 316; Cartwright v. Trueblood, 90 Texas, 538; Koenigheim v. Miles, 67 Texas, 123.

FLY, Associate Justice.—This suit was instituted by appellee against appellant, and several others, to recover 417 acres of land in Liberty County, off the south three-fourths of the William Whitlock league of land. The suit was dismissed as to all the defendants except appellant, who pleaded not guilty. A trial, without a jury, resulted in a judgment in favor of appellee..

Both parties claim through Samson Heidenheimer. Appellant claims through a deed made by Samson Heidenheimer to Victor B. Wilson in which the land is described as follows: "All that certain tract or parcel of land found to contain 2,906 acres by a recent survey made by J. G. Minter lying and being situated in the county of Liberty and State of Texas, being off of the south ¾ of a league of land originally granted to William Whitlock." The above is followed by field notes, after which it is recited in the deed: "Being the same land which was conveyed to me by Seabrook W. Sydnor, administrator de bonis non of the estate of J. S. Sydnor, deceased, by deed dated December 12, A. D. 1878, and recorded in Liberty County deed records in book D, pages 326 to 328, to which deed and the record reference is here made and the same is made a part hereof. Said deed was recorded in Liberty County, January 24, A. D. 1879."

It was agreed by the parties: "That the defendant, William E. Schaffer, is now the legal owner of whatever title was conveyed to Victor B. Wilson by the instrument last above mentioned; and if said deed does not convey to said Victor B. Wilson the entire south ¾ of said league, then the plaintiff, Abraham Heidenheimer, is the legal owner of whatever interest, in the south ¾ of said league, which remained in Samson Heidenheimer, after the conveyance to Victor B. Wilson by Samson Heidenheimer, above mentioned." It was also admitted that the field notes in the aforementioned deed did not include a certain portion off of the west end of the south ¾ of William Whitlock survey.

The sole question presented is, which should prevail, the description by field notes, or the general description following them which describes the land as that conveyed to the grantor by the administrator? If the description by field notes should prevail, the judgment is correct, but if the general description with reference to the deed of the administrator should prevail, the judgment should have been rendered in favor of appellant.

Before entering into a discussion of the points at issue we will refer to the description of the land given in the deed of the administrator to Samson Heidenheimer, which may be of some moment in the solution

of the question. It is as follows: "All that certain tract or parcel of land lying and, being in Liberty County, State of Texas, containing 2,906 acres, consisting of the lower three-fourths of a league of land originally granted by the Mexican government to William Whitlock, now deceased, by concession of date the 11th day of May, 1831, and which said land was conveyed to John S. Sydnor by Mary Whitlock et al., by deed bearing date the 15th day of April, A. D. 1852, and also including the interest of said John S. Sydnor, deceased, conveyed to him by Robert Whitlock by deed of date the 3d day of September, A. D. 1853, to which two deeds above mentioned reference is here made for a more particular description of said property."

It is the rule that every part of a deed must be given effect if possible, and the largest estate arising from its terms will be given to the grantee. If there be ambiguity so as to render it susceptible to two constructions, that construction will be given it that is most favorable to the grantee. (Cartwright v. Trueblood, 90 Texas, 538.) It is also the rule that the intent of the parties, as in the case of all contracts, when it can be arrived at from the deed, should prevail, unless contrary to law. (Dev., Deeds, sec. 836.) The entire deed must be read and such construction as will, if possible, give effect to every portion of the deed. These rules will be kept in view in construing the deed which forms the basis of dispute in this case.

It appears from the deed of Sydnor to Samson Heidenheimer that although the amount of land was described as 2906 acres, it was the intention of the grantor to convey ¾ of the Whitlock league, but when the grantee in that deed conveyed the land, it was surveyed presumably for his benefit and it is fully described by the field notes of that survey. We say that it was described by the field notes of that survey, although it is not specifically so stated in the deed. But the clear inference is that those are the field notes used in the deed to Victor B. Wilson. Those field notes describe 2,906 acres of land and the description is clear and explicit. That description is followed by the words "being the same land conveyed to me by Seabrook W. Sydnor," etc., and we do not think they create an ambiguity in the deed. It is not stated that it is all of the land conveyed by Sydnor but the "same land." It was the same land but not all of it. This construction is borne out by the description given before the field notes are set out where the land is described, not as the south ¾ of a league of land, but as "being off of the south ¾ of a league of land originally granted to William Whitlock." If the whole had been intended the land would not have been described as "being off" the ¾ of a league. We think it clear that the reference to the deed made by Sydnor to Samson Heidenheimer was given merely to point out the title and not to supplement or control the description given by the field notes. There is ample authority to sustain this proposition.

In the case of Brown v. Heard (Me.), 27 At. Rep., 182, it is said: "It was contended that the clause in plaintiff's deed, at the end of the particular description of the premises by metes and bounds, 'meaning and intending to convey to the said Heard the same premises conveyed to me,' etc., should enlarge the specific description in it given by metes and bounds. Assuming that the language referred to a larger estate

than is included by the metes and bounds given, which is by no means certain, the contention can not prevail. It is merely a help to trace the title, but can not enlarge the grant."

So in the case of Smith v. Sweat (Me.), 38 At. Rep., 554, the words, "meaning and intending to convey the same premises conveyed to me," etc., were used after a description by metes and bounds, and the court said: "There is no ambiguity in these descriptions. Fixed and definite boundaries are given, and these boundaries must prevail, unless we are to attach more 'importance to a mere reference to source of title, or an intention clause, than to specific descriptions; and this we have seen can not be done. Words of reference or of explanation or intention never destroy a specific grant." This principle is spoken of by the Maine court as being too well settled to require the citation of authorities.

In Lovejoy v. Lovett, 124 Mass., 270, after a description by metes and bounds was used the words, "being the same premises conveyed to me by Ezra Holden, by deed dated May 7, 1829," were inserted, and it was held that those words should not overcome the inference to be drawn from the other parts of the deed. "Reference is made to the .Holden deed, not for the purpose of fixing the metes and bounds, as if describing the lot conveyed, but to show the grantor's chain of title."

Citing the Massachusetts case with approval, in Cullers v. Platt, 81 Texas, 858, the court said: "Where a grantor conveys specifically by metes and bounds, so there can be no controversy about what land is included and really conveyed, a general description as of all of a certain tract conveyed to him by another person, or as in this case, all of a survey except a tract belonging to another person, can not control, for there is a specific and particular description about which there can be no mistake and no necessity for invoking the aid of the general description."

In the case of Sanger v. Roberts, 92 Texas, 312, the Supreme Court discussed the question and said: "We concur in the proposition announced by the Court of Civil Appeals, that when there is a repugnancy between a particular description of a tract of land in a deed and a general description, the former will, as a general rule, control. In other words, where the premises are described by metes and bounds and that is followed by a reference to some other writing for a further description, the latter can not ordinarily be looked to to enlarge the former."

There can be no doubt as to the correctness of the judgment of the lower court and it is, therefore, affirmed.

*Affirmed.*

Writ of error refused.