**GULF PRODUCTION CO. et al. v. SPEAR et al.**

**No. 4537.**

Court of Civil Appeals of Texas. Texarkana.

Nov. 1, 1934.

Rehearing Denied Nov. 8, 1934.

David Proctor, of Houston, Angus G. Wynne, of Longview, Chas. L. Brachfield, of Henderson, and Jno. E. Green, Jr., of Houston, for appellants.

W. Edward Lee and Campbell, Leak, Taylor & Storey, all of Longview, and Dudley, Hyde, Duvall & Dudley, of Oklahoma City, Okl., for appellees.

JOHNSON, Chief Justice.

The suit is an action of trespass to try title. The land in controversy is 1.81 acres of the S. P. Hollingsworth H. R. survey in Gregg county, Tex. Plaintiffs Angus Spear and wife claim title to the land under the statute of ten years' limitation; all other plaintiffs and all the defendants claim mineral interests in the land under oil and gas leases executed by Angus Spear and wife.

On April 16, 1931, Angus Spear and wife executed an oil and gas lease to C. H. Houston, covering the 1.81 acres now in controversy. All the plaintiffs (except plaintiffs Angus Spear and wife) claim under this Houston lease. Previous to the Houston lease, Angus Spear and wife, on September 12, 1930, executed an oil and gas lease to the Devonian Oil Company, describing five tracts of land located in the Mary Van Winkle and the S. P. Hollingsworth surveys. All the defendants claim under this Devonian lease.

Defendants contend that the 1.81 acres in controversy is located within the description of the land covered by the lease from Spear and wife to the Devonian Oil Company and is a part of a six-acre tract described in said lease, which lease is prior in point of time to the lease from Spear and wife to C. H. Houston. The defendants further pleaded that it was the mutual intention of the parties executing the Devonian lease to include in it the 1.81 acres, that, if the Devonian lease failed to include the 1.81 acres, such failure was due to mutual mistake, made at the time, of the parties executing the lease, and prayed for judgment reforming the lease to include the 1.81 acres.

The 1.81 acres in controversy is triangular in shape; its east and north lines being a road running in the general direction of southeast and northwest across the southwest corner of the S. P. Hollingsworth survey, its south line is the original S. B. line of said Hollingsworth survey, and its west line coincides with the east line of said 6-acre tract, which 6-acre tract is the first of the five tracts described in the Devonian lease, and of which defendants claim the 1.81 acres is a part.

Trial was had to a jury. At the close of the evidence the court instructed the jury to return a verdict for plaintiffs, and judgment accordingly was entered. From the order of the court overruling defendants' motion for new trial the defendants have perfected their appeal.

Whether or not the 1.81 acres in controversy is included within the description of the land covered by the Devonian lease, the following language of that lease is pertinent to observe:

"The lessor * * * hereby grants, leases and lets, exclusively unto lessee * * * the following described land in Gregg County, Texas, to-wit:

"All that certain tracts or parcels of land situated in Gregg County, Texas, being a part of the S. P. Hollingsworth Headright Survey, and a part of the Mary Van Winkle Headright Survey, and described by metes and bounds as follows:

"First Tract. A part of the S. P. Hollingsworth Survey; Beginning at the South West

corner of the original survey; Thence North with West boundary of same 160 yards, a corner; Thence East 181 yards, a corner; Thence South ——— E. 160 yards to the S. B. line of original survey, the same being the North boundary line of the Mary Van Winkle Headright Survey; Thence West with the S. B. line of original survey 193 yards to the place of beginning, containing six (6) acres of land.

"Second Tract. * * *

"Third Tract. * * *

"Fourth Tract. * * *

"Fifth Tract. * * *

"It being the intention to include all land owned or claimed by lessor in said survey or surveys."

It will be noted that in the third call of the above field notes, wherein ordinarily would be stated the number of degrees variance east from due south course, is left a blank space. It is not thought, as contended, that this omission renders uncertainty in location of the east line, because the true location on the ground of the east line is made certain in survey of the land by the remaining calls of the field notes on their face, and it is shown in actual survey of the land that such location is certain, and that the quantity of land called for, 6 acres, is within the boundaries of the particular field notes described, and that such particular description does not include the 1.81 acres in controversy.

 In the printed form of the lease, following the typewritten inserted particular description of the specific land described, is found the following clause: "It being the intention to include all land owned or claimed by lessor in said survey or surveys." It is contended that the language of this clause is sufficient, when read in connection with and as a part of the preceding particular description of the 6 acres to authorize such particular description to be construed as evidencing intention of the grantor to include within its boundaries the 1.81 acres in controversy. The language of this general description following the particular description which it purports to aid may reasonably be construed as the expressed intention of the lessor to include within such particular description "all land owned or claimed by lessor in said survey or surveys." And the particular description, if uncertain or if otherwise so susceptible of construction, may not be denied the aid of such general description; the rule being, "A general description may be looked to in aid of a particular description that is de-

fective or doubtful, but not to control or override a particular description about which there can be no doubt." Cullers v. Platt, 81 Tex. 258, 16 S. W. 1003, 1005. In expression of description the particular 6 acres is definitely pointed out in no uncertain language defining the boundaries of the land granted, hence precludes the aid of the general description or the assertion of an intention of the grantor to include therein lands other than that falling within the particular boundaries described. It is evident from the language of the clause of general description that it is referable to the same land under consideration by the parties when making use of the particular description. And no intention is made to appear from other terms of the instrument to grant lands other than that "described by metes and bounds." So we have a conflict or repugnance between the general and particular description of the land given in the lease. In such circumstances the particular description will control. Cullers v. Platt, supra; Sanger v. Roberts, 92 Tex. 312, 48 S. W. 1; Boggess v. Allen (Tex. Civ. App.) 56 S. W. 195; Schaffer v. Heidenheimer, 43 Tex. Civ. App. 366, 96 S. W. 61 (writ of error denied); Tate v. Betts (Tex. Civ. App.) 97 S. W. 707; Ridgell v. Atherton (Tex. Civ. App.) 107 S. W. 129; McFaddin v. Johnson (Tex. Civ. App.) 180 S. W. 306; Stark v. Brown (Tex. Civ. App.) 210 S. W. 811; Scheller v. Groesbeck (Tex. Com. App.) 231 S. W. 1092; Whaley v. Lemmon (Tex. Civ. App.) 281 S. W. 321; McAnally v. Texas Co. (Tex. Civ. App.) 32 S.W.(2d) 947; Sun Oil Co. v. Burns (Tex. Civ. App.) 65 S.W.(2d) 808; 7 Tex. Jur. 123 and 126.

 Concerning appellants' plea that in executing the Devonian lease it was the intention of all parties to include in it the 1.81 acres in controversy and that its omission from the lease was the result of their mutual mistake, and that by reason thereof appellants were entitled to judgment of the court reforming the lease so as to include therein the 1.81 acres, it is not thought that this plea is supported by facts in evidence authorizing submission to the jury.

Angus Spear testified in substance that in executing the lease to the Devonian Oil Company the negotiations were had and the lease executed between himself and a representative of the Devonian Oil Company by the name of Nelson over Spear's store in the town of Kilgore; that the lease was executed from field notes of his (Spear's) deeds; that Mr. Nelson drafted the lease, and that he furnished Mr. Nelson with his deeds from

which to copy the field notes into the lease; that the field notes of the 6 acres were copied into the lease by Mr. Nelson from his (Spear's) deed from Fritz Swanson; that his deed from Swanson described all the land that he (Spear) knew that he owned at that place at that time, and, "I guess he (Nelson) was just like me—it was as far as he knew"; that he (Spear) understood that he was leasing the 6 acres, and that he intended to lease the whole tract; that he did not know there were any excess acres there at that time; that he (Spear) purchased the land from Swanson in November, 1921; that at the time he purchased it was under fence except "about an acre of it wasn't under fence," and that in January or February, 1922, he moved the fence out a little way on the east side near the road to where he thought the line was; that at the time the Devonian lease was executed the 6 acres and the 1.81 acres were under one fence as one tract of land; that he thought the field notes in his deed from Swanson covered all the land fenced; that he thought the lease covered the whole tract until Mr. Houston told him that it did not, and offered to lease the excess; and that he leased the excess to Mr. Houston. Mr. Nelson did not testify.

These facts do not tend to show that Mr. Spear and Mr. Nelson intended to include in the lease the 1.81 acres in controversy. On the other hand, they show that the purchase and sale was made from the field notes and that only the land as described in the field notes of the deed from Swanson to Spear was in the minds of the parties as the subject-matter of that particular part of the lease; and it does not tend to show that Spear and Nelson intended to include in the lease any land other than that covered by the field notes.

■■ Appellants further present that appellees failed to prove the alleged limitation title in Spear to the 1.81 acres of land, and that, since appellees' suit was purely an action in trespass to try title, they must rely upon proof of their own title for right to recover; and, having failed in such proof, judgment should have been entered against plaintiff appellees.

Appellants' contention in this respect cannot be sustained for the reason that appellants (defendants) by special plea alleged their claim of title and that of plaintiffs (other than plaintiffs Spear and wife) to be through and under Spear and wife. In such circumstances, where defendants by pleadings and evidence assert title under plaintiffs, it is not required of plaintiffs to prove title in themselves, the common source. Organ v. Maxwell (Tex. Civ. App.) 140 S. W. 255. And the remaining plaintiffs were not required to make further proof than that of a better right from and under the admitted common source, Angus Spear and wife. Luckel v. Sessums (Tex. Civ. App.) 71 S.W. (2d) 579.

Finding no error in the action of the trial court complained of, the judgment is respectfully affirmed.