Hamilton BROWNING et al., Appellants,

v.

Gene Richard WEST et al., Appellees.

No. 1023.

Court of Civil Appeals of Texas, Tyler.

Oct. 27, 1977.

Rehearing Denied Dec. 1, 1977.

Joe D. Clayton, Lotis Rowan, Files, Clayton, Bain & Clark, Jerry Bain, Coye Conner, Jr., Tyler, for appellants.

John H. Minton, Jr., Potter, Guinn, Minton & Dickerson, Willis Jarrel, Goodwin & Jarrel, Bill Coats, Tyler, for appellees.

DUNAGAN, Chief Justice.

Hamilton Browning, et al., claiming to be the heirs-at-law of Sam and Victoria Browning, deceased, are the appellants (plaintiffs below) and Gene Richard West, et al., are the appellees (defendants below) in this trespass to try title suit. The title to a 58-acre tract of land located in the Stillwell Box Survey, Smith County, Texas, is at question.

It was stipulated by the parties herein that Sam and Victoria Browning are the common source of appellants' and appellees' title and that the property was acquired as community property of the marriage of Sam and Victoria Browning. Sam and Victoria Browning acquired title to this property from H. B. Marsh by deed dated February 25, 1925. The property conveyed in the aforementioned deed contained 98 acres. On the same day, Sam and Victoria Browning deeded back to H. B. Marsh 40 acres off of the west end of the 98-acre tract. Both deeds were properly recorded. The appellants instituted this suit on July 23, 1973.

The appellees claim legal title through a tax suit. The legal title relied on by appellees as stated in their brief is as follows:

1. Sam and Victoria Browning are the common sources of title of all parties pursuant to stipulation.

2. Sam Browning died in 1925 and the facts concerning his heirship (except with respect to the children of Victoria Browning born prior to their marriage in 1909) were stipulated.

3. In Cause No. 4078 in the 7th Judicial District Court of Smith County, Texas, tax foreclosure was had against Victoria Browning and the unknown heirs of Sam Browning, deceased, and on August 6, 1940, a Sheriff's deed covering the lands in controversy was executed by J. R. Beasley to N. H. Jarvis and J. L. Jarvis.

4. By deed dated August, 1942, N. H. Jarvis and J. L. Jarvis deeded the lands in controversy to Bryan Marsh.

5. Bryan Marsh died August 23, 1951, and by his will probated in Cause No. 9043 in the County Court of Smith County, Texas, devised his entire estate to his wife, Gladys Caswell Marsh.

6. On January 28, 1955, a suit in trespass to try title was filed by George Browning against Gladys Marsh, a feme sole, and Margaret Caswell Marsh, a minor, being Cause No. 22,452-A in the 7th Judicial District Court of Smith County, Texas.

7. A disclaimer was filed by Gladys Caswell Marsh and Margaret Caswell Marsh disclaiming "any right, title and interest in and to the land and premises described in Plaintiffs' Petition herein" and judgment was rendered for George Browning.

8. On August 4, 1956, George Browning conveyed the lands in controversy to Jimmie West, Trustee.

9. In January, 1963, Jimmie West, Trustee, conveyed the lands in controversy to Terry Graham, L. E. Bryant, N. H. Jarvis, J. L. Jarvis and Morris Dorbandt.

10. On September 23, 1968, N. H. Jarvis and J. L. Jarvis conveyed their interest in the land in controversy to Morris Dorbandt.

11. On October 28, 1968, Terry Graham, Morris Dorbandt and L. E. Bryant conveyed the lands in controversy to B. J. Hubbard and wife, Isabella Hubbard, reserving a ½ mineral interest.

12. On February 28, 1970, B. J. and Isabella Hubbard conveyed the lands in controversy to Gene Richard West and wife, Norma Jean West.

13. Thereafter Gene Richard West and Norma Jean West executed conveyances of parts of the premises in controversy to other appellees by warranty deeds.

Both the appellants and the appellees also rely on periods of adverse possession alleged to have been perfected under the 10-year statute. Other heirs of Sam Browning entered this suit on September 25, 1974, as intervenors. Their interests are of the same nature as the other appellants except with reference to the time period of halting appellees' limitation period, and accordingly the intervenors will be referred to as appellants hereafter.

In 1937, the 58-acre tract in question was made the subject of a suit to foreclose on delinquent taxes instituted by the State of Texas against Victoria Browning and the unknown heirs of Sam Browning, deceased. Judgment was subsequently rendered for the State and a public sale was held, a sheriff's deed being given to J. L. and N. H. Jarvis on August 6, 1940. The judgment entered in the tax foreclosure suit contained the following description of the land:

"58 acres of land out of the Stillwell Box Survey, Abstract No. 168, being same land conveyed to Sam Browning by H. B. Marsh, by deed dated February 5th, 1925, recorded in vol. 174 page 389 deed records, Smith County, Texas."

The deed referred to in the above description, executed by H. B. Marsh to Sam Browning, conveyed 98 acres describing said 98 acres by a proper and sufficient description. On this same day, February 25, 1925 [erroneously designated February 5th, 1925, in judgment description], Sam Browning conveyed back by a second deed 40 acres of the 98 acres that was conveyed to him in the first deed that was referred to

in the judgment. It should be noted that neither deed either expressly or impliedly referred to each other.

The property description in the judgment describes the 58-acre tract as " . . . the *same land* conveyed to Sam Browning by H. B. Marsh . . . ." (Emphasis ours.) We agree that the 58 acres in question is indeed the "same land" as referred to in the prior deed. The deed does not state it is *all* the land conveyed to Sam Browning by H. B. Marsh. It merely says it is the "same land." It has been held that such a reference to the "same land" does not necessarily encompass the whole referred to in the prior deed and therefore no ambiguity is created. *Schaffer v. Heidenkeimer*, 43 Tex.Civ.App. 366, 96 S.W. 61 (1906, writ ref'd). The deed does not say that the metes and bounds description of the 58 acres is described in the previous deed from Marsh to Browning. It was the "same land," but there is nothing to indicate that the conveyance was to cover all of it. It is clear only 58 acres was intended to be conveyed. Since the description is not ambiguous, this leaves us with the question of the location of the specific 58 acres we are concerned with on this 98-acre tract.

■ The law is well settled in this state that a description of land in a deed in order to be sufficient must meet the following test set out in *Smith v. Sorelle*, 126 Tex. 353, 87 S.W.2d 703, 705 (1935).

"The true rule, as deduced from the authorities, seems to be that this description should be so definite and certain upon the face of the instrument itself, or by other writing referred to, that the land can be identified with reasonable certainty."

A description in a deed is not required to be mathematically certain, but only reasonably certain so as to enable a party familiar with the locality to identify the premises to be conveyed, to the exclusion of others. *Gates v. Asher*, 154 Tex. 538, 280 S.W.2d 247 (1955); 19 Tex.Jur.2d sec. 124. From the face of the description contained in this judgment and the deed referred to therein, the description cannot be said to be so rea-

sonably certain as to enable a party to identify which particular 58 acres of this 98-acre tract was intended to be conveyed. For this reason, we hold the description void.

■ A deed is not void for uncertainty unless the description cannot be made to apply to any definite piece of land even with the aid of extrinsic evidence. *Lobit v. Crouch*, 293 S.W.2d 110, 113 (Tex.Civ.App.-Austin 1956, err. ref'd n.r.e.); *Kriders v. Hempftling*, 137 S.W.2d 83, 85 (Tex.Civ. App.-Galveston 1940, no writ). But the nucleus of a valid description must exist from the instrument itself or a writing referred to therein before extrinsic evidence will be allowed in order to explain the descriptive words and identify the land. *Gates v. Asher, supra; Smith v. Sorelle, supra*. This rule applies with equal effect to a description of property contained in a judgment. *Greer v. Greer*, 144 Tex. 528, 191 S.W.2d 848 (1946). In our opinion, the nucleus of a valid description is not present in the deed description contained in the judgment before us. Accordingly, we hold such judgment to be void and the Sheriff's deed executed in carrying out such judgment is likewise void.

In holding that the tax foreclosure judgment is void, we therefore do not reach appellants' Point of Error No. 2 which questions the validity of the judgment upon grounds of an allegedly defective citation.

Turning to appellants' third point of error, in 1955, one George Browning instituted a trespass to try title suit against Gladys Marsh and Margaret Caswell Marsh. Any title resting in either of the Marshes was derived by virtue of claiming through the tax foreclosure sale previously discussed. Gladys Marsh and Margaret Caswell Marsh filed a disclaimer to any title, and judgment was rendered for George Browning. The appellees in this case claim through George Browning.

■ None of the appellants in this case were parties to this 1955 trespass to try title suit. Therefore, the 1955 suit has no effect on their claims to title since a judgment in a trespass to try title suit is only effective as to parties that were before the court or as to parties that claim from, through, or under parties before the court. Tex.Rev.Civ.Stat.Ann. art. 7391 (1960); 56 Tex.Jur.2d sec. 142; 34 Tex.Jur.2d sec. 542; *Richardson v. Reid*, 188 S.W.2d 248 (Tex. Civ.App.-Beaumont 1945, no writ). Moreover, in view of our holding sustaining appellants' first point of error that Gladys Marsh and Margaret Caswell Marsh derived no interest in this land through the tax foreclosure sale, a trespass to try title suit adjudicating their title is immaterial to a disposition of this case. Accordingly, appellants' third point of error is overruled.

The question requiring the most lengthy discussion is appellants' Point of Error No. 4. Here, the appellants assert that "The District Court erred in rendering judgment for the defendants based on the jury's answers to Special Issues Nos. 3 and 5 as there was insufficient evidence to establish any ten year limitation in favor of the defendants." The appellees (defendants) in their brief assume that Special Issue No. 3 was disregarded. A discrepancy arises from the trial court's judgment stating that "It is therefore Ordered, Adjudged and Decreed that Plaintiffs Motion to Disregard Findings on Special Issues be and the same is hereby overruled, *except as to paragraph II* relating to Special Issues 3, 4 & 6 . . ." (Emphasis ours.) Paragraph II of the appellants' Motion to Disregard does not refer to Special Issue No. 3, and it is the opinion of this court that such issue was not intended by the trial court to be disregarded. In any event, our holding on Point of Error No. 4 will make any discrepancy immaterial.

Concerning Point of Error No. 4, the appellants contend that there was insufficient evidence to establish any limitation title in favor of the appellees. Appellants made no motion for new trial as required in Rule 324, Tex.R.Civ.P.; therefore the appellants have waived any error concerning the factual sufficiency of the evidence concerning Special Issues 3 and 5. *Wagner v. Foster*, 161 Tex. 333, 341 S.W.2d 887 (1950); *Miller v. Miller*, 274 S.W.2d 762 (Tex.Civ.App.-San

Antonio 1954, writ ref'd); *Calvert*, 38 Tex. L.Rev. 361, 365.

The appellants did file a motion to disregard the jury findings on Special Issues 3 and 5. No motion for new trial is necessary to complain on appeal of the denial of a motion to disregard jury findings. Tex.R.Civ.P. 324. A motion to disregard jury findings can only be granted where there is no evidence to support such a finding or when such finding is immaterial. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965); *C. & R. Transport, Inc. v. Campbell*, 406 S.W.2d 191, 194 (Tex.1966); *Smith v. Texas Pipeline Company*, 455 S.W.2d 346, 351 (Tex.Civ.App.-Corpus Christi 1970, ref'd n.r. e.). The only point of error preserved by the appellants on Special Issues 3 and 5 is a "no evidence" point.

The Texas Supreme Court has held that a point of error complaining of the denial of a motion to disregard jury findings because of insufficiency of the evidence is subject to only one construction; that construction being that there is no evidence to support the jury's finding. *Garza v. Alviar, supra; Christy v. Blades*, 448 S.W.2d 107, 112 (Tex.1969); *Owens v. Rogers*, 446 S.W.2d 865, 866 (Tex.1969); *McDonald v. New York Central Mutual Fire Ins. Co.*, 380 S.W.2d 545, 548 (Tex. 1964). Appellants' fourth point of error is general in nature in that it does not specifically refer to the denial of their motion to disregard jury findings. However, after reading the argument contained under such point, we find this is the complaint that was intended to be urged by the appellants. Since we can determine what was urged, we will consider the point. *Fambrough v. Wagley*, 140 Tex. 577, 169 S.W.2d 478, 482 (1943); *Brungs v. Consolidated Plan Service, Inc.*, 529 S.W.2d 79, 81–82 (Tex.Civ. App.-San Antonio 1975, writ ref'd n.r.e.).

The appellees' adverse possession inquired about in Special Issues 3 and 5 depends entirely upon the actions of Terry Graham. Mr. Graham bought the interests of more than one heir of Sam Browning prior to the period of time we are concerned with on appellees' adverse possession claim. We have previously held that the tax sale involving this land was void; therefore, the heirs of Sam Browning did indeed have a legal interest in this land capable of being sold. By buying this interest, Mr. Graham became a cotenant with the rest of the Browning heirs that held an interest in this property.

Mr. Graham gave direct testimony that he never gave notice to any of the Browning heirs that he intended to assert an adverse claim to all of the land in question. Without such notice, or acts sufficient to give such notice, Mr. Graham cannot be said to be holding adversely to his fellow cotenants. *Adams v. Duncan*, 147 Tex. 332, 215 S.W.2d 599 (Tex.1948). In determining whether there is evidence to support the jury's findings on Special Issues 3 and 5, we have considered only the evidence and the inferences tending to support the findings and have disregarded all evidence and inferences to the contrary. *Garza v. Alviar, supra*. Still, we feel compelled to sustain appellants' fourth point of error and we hold that there was no evidence to establish a 10-year statute of limitation title in the appellees.

Appellants' fifth point of error seeks to overturn a jury finding that four of the appellants were not the children of Sam Browning. We feel it is apparent from the record that there is some probative evidence to support this jury finding. However, any interest these four appellants might receive as heirs of their mother, Victoria Browning, is not affected by this jury finding since the land in question was acquired as community property of Sam and Victoria Browning. Accordingly, appellants' fifth point of error is overruled.

Appellants' sixth point of error concerning the perfection of a 10-year statute of limitations title by appellants is overruled. The record reflects that such title was not perfected.

In summary, we hold that the sheriff's deed relied on by the appellees was void and therefore the legal title to the land in question remained in Sam and Victoria Brown-

ing and we further hold that neither appellants nor appellees perfected title by virtue of the ten-year statute of limitations. Based on these findings, we hold that the undivided one-half community interest of Victoria Browning descended to her heirs as per the stipulation of heirship entered into by and between the parties to this suit; that the undivided one-half community interest of Sam Browning descended to his heirs as per the stipulation of heirship entered into by and between the parties. We further hold in accordance with the verdict that Hamilton Browning, Lorene Browning Parker, Juanaitter Browning Lawrence, Mary L. Browning Taylor, Linberg Browning, Traver Browning Taylor, and the unknown heirs of John Browning, deceased, were not the children of Sam Browning and that they inherited no title to the land in question from and through Sam Browning, deceased.

Accordingly, the judgment of the trial court is reversed. Ordinarily we would be required to render the judgment that should have been rendered by the trial court; however, in view of the vast number of parties and the complicated stipulations entered into by the various parties to this suit, we will not attempt to render judgment, but will remand the cause to the trial court with instructions to render a judgment consistent with this opinion and consistent with the stipulations entered into by the parties. All costs are hereby adjudged against the appellees.

Reversed and remanded with instructions to enter judgment in favor of appellants consistent with this opinion and the stipulations of the parties.

McKAY, J., not participating.