Martinez et al v. Martinez 






NO. 10-90-080-CV

IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

Â Â Â Â Â Â Â Â Â Â MARY GRESILDA MARTINEZ, ET AL,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellants
Â Â Â Â Â Â Â Â Â Â v.

Â Â Â Â Â Â Â Â Â Â ROBERTO MARTINEZ,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee

* * * * * * * * * * * * *

 From 13th Judicial District Court
Navarro County, Texas
Trial Court # 380-89

* * * * * * * * * * * * *

OPINION ON REHEARING

* * * * * * *
Â Â Â Â Â Â Â Â Â Â The divorce decree described the property as "the parties' home and one acre of land." 
Extrinsic evidence could have shown that the parties owned only one home and one acre of land,
which would have identified the property with reasonable certainty. See Kmiec v. Reagan, 556
S.W.2d 567, 569 (Tex. 1977). Without a statement of facts, we must presume that the property
was identified with reasonable certainty by extrinsic evidence. See Guthrie v. National Homes
Corporation, 394 S.W.2d 494, 495 (Tex. 1965). The motion for a rehearing is denied.
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â BOB L. THOMAS
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Before Chief Justice Thomas, 
Â Â Â Â Â Â Â Â Â Â Justice Cummings and Justice Vance
Motion for rehearing denied
Opinion delivered and filed April 4, 1991
Do not publish
Â Â 



text-align:center'>Â 

Â 



From the 77th District Court

Limestone County, Texas

Trial Court No. 22179-A

Â 



MEMORANDUM  Opinion



Â 








Â Â Â Â Â Â Â Â Â Â Â  This appeal is the most recent chapter
in litigation spanning more than two decades regarding title to a 927.822-acre[1]
tract of land and the minerals therein.Â  During the midst of a jury trial, the
parties informed the court that they had settled their dispute.Â  The settlement
agreement was recited on the record, and the court orally rendered judgment in
accordance with the agreement.Â  The court signed a written judgment about three
months later.

Â Â Â Â Â Â Â Â Â Â Â  Appellants contend in three issues
that: (1) the court erred by signing the written judgment after they withdrew
their consent to the underlying settlement agreement; (2) the court failed to
render a valid, enforceable judgment because the judgment does not contain a
metes-and-bounds description of the property in dispute; and (3) the court
abused its discretion by refusing to grant their supplemental motion for new
trial.[2]Â  We
will modify the judgment and affirm it as modified.

The Parties to the Litigation

Â Â Â Â Â Â Â Â Â Â Â  Â There are essentially four groups of
parties to this litigation.Â  In this opinion, the parties will sometimes be
referred to individually and sometimes in their respective groups.Â  Unless
otherwise indicated, the term ÂAppellantsÂ refers to Plaintiff Gene C. Steele,
Individually and as Independent Executor of the Estate of William B. Duke,
Deceased, Plaintiff Sally Steele (GeneÂs wife), and Third Party Defendant Tom
F. Simmons.

Â Â Â Â Â Â Â Â Â Â Â  ÂDefendants/AppelleesÂ refers to Appellees
Dorothy McDonald, Individually and as Independent Executrix of the Estate of
John B. McDonald, Deceased, Bobby Reed, Joe Cannon, Cara H. Hughes, Eugene T.
McLaughlin, Stanley F. Swenson, Jerry Calhoun, J. Christopher Kolstad, Bobby
Freeman, and Brian L. Gibson.Â  At some point during the litigation, John B.
McDonald passed away.[3]Â  His
interests are currently represented by his wife Dorothy who is the independent
executrix of the estate.Â  Insofar as can be determined, no suggestion of death
was ever filed, no scire facias was issued, and the plaintiffsÂ
pleadings were never amended to name Dorothy McDonald as the person
representing the interests of John B. McDonaldÂs estate.Â  See Tex. R. Civ. P. 152.

Â Â Â Â Â Â Â Â Â Â Â  Dorothy has filed a motion to dismiss
this appeal as to her because she is not named in the notice of appeal and was
never served with a copy of the notice.Â  Dorothy is not identified as a party
in the notice of appeal, and it does not appear that she was served with a copy.Â 
The certificate of service in the notice of appeal recites only that a copy was
served on Âcounsel for Defendants,Â and the docketing statement, which was
filed within a week after the notice of appeal, does not include DorothyÂs
counsel as one of the attorneys of record.

Â Â Â Â Â Â Â Â Â Â Â  Nevertheless, DorothyÂs counsel has
since appeared on her behalf and has filed a brief on her behalf.Â  It is also
noteworthy that Appellants hired a new attorney shortly after trial and, given
the state of the trial record regarding the death of John B. McDonald and the
shear number of parties involved, it is somewhat understandable that AppellantsÂ
counsel failed to include DorothyÂs attorney in the list of counsel of record.Â 
Therefore, because DorothyÂs counsel has had notice of and sufficient
opportunity to participate in this appeal, we deny the dismissal motion
premised on lack of notice.Â  See Bernstein v. Portland Sav. & Loan AssÂn,
850 S.W.2d 694, 699-700 (Tex. App.ÂCorpus Christi 1993, writ denied).

Â Â Â Â Â Â Â Â Â Â Â  The other parties are
Intervenor/Appellee Floyd Duke, Jr. and Interpleader/ Appellee Devon Energy
Operating Co. fka Mitchell Energy Corp.

The Settlement Agreement

Â Â Â Â Â Â Â Â Â Â Â  As read into the trial record, the
settlement agreement provides in pertinent part:

Â·Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Defendants/Appellees agreed to
accept a 60-percent interest in the minerals in the entire 927.822-acre tract
for 20 years;

Â 

Â·Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Appellants agreed to not make
any further claims against the other parties to the litigation or any related
litigation, including any successors or assigns;

Â 

Â·Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Gene and Sally Steele would
receive fee simple title to 150 acres out of the 927.822-acre tract which would
include Âthe lake, the landing strip, the house [Gene] occupies, the 100 acres
described in the instruments in evidence in this case, plus 50 additional acres
contiguous thereto to be designated by [Intervenor/Appellee Duke[4]]Â;

Â 

Â·Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Duke would receive fee simple
title to the remaining acreage;

Â 

Â·Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
For 20 years, the Steeles
would own a 40-percent interest in the minerals in and under their 150 acres,
and Duke would own a 40-percent interest in the minerals in and under his acreage;

Â 

Â·Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
After that 20-year period, the
Steeles would own 100 percent of the minerals in and under their acreage, and
Duke would own 100 percent of the minerals in and under his acreage;

Â 

Â·Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
no party would interfere with
the lease or production of the minerals owned by another party;

Â 

Â·Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
funds held by
Interpleader/Appellee Devon Energy Operating Co. would be deposited in the
courtÂs registry then divided evenly between the Steeles and Duke;

Â 

Â·Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Defendant/Appellees would
Âhave the right and the authority to lease their minerals without the joinder
of the remainder in [the Steeles] and DukeÂ;

Â 

Â·Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
the agreement would Âforeclose
with prejudice all pending suits relative to the lands and minerals and
partiesÂ;

Â 

Â·Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Duke would be allowed ingress
and egress to his parentsÂ burial sites which lie on the SteelesÂ property;

Â 

Â·Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
all lis pendenses would be
discharged and all pending cases dismissed with prejudice; and

Â 

Â·Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
each party waived the right to
file a motion for new trial or appeal.

Â 

Each party stated on the record that these were
the terms of the agreement, and the court orally rendered judgment in
accordance with the agreement.

Â Â Â Â Â Â Â Â Â Â Â  A question then arose about the
necessity of a new survey.Â  The court suggested that the cost for the survey be
paid out of the funds to be deposited in the courtÂs registry by Devon Energy and
that the remaining funds be distributed evenly between the Steeles and Duke in
accordance with the partiesÂ agreement.Â  The parties stated on the record that
they agreed with this suggestion.Â  The court rescheduled the matter to January
25 (two weeks) to allow time for the survey to be done.

Post-Trial Proceedings

Â Â Â Â Â Â Â Â Â Â Â  DukeÂs counsel advised the court by
letter dated January 20 that counsel had been unable to locate a surveyor who
could complete the job before the hearing and asked for a 30-day postponement.

Â Â Â Â Â Â Â Â Â Â Â  Defendants/Appellees drafted a
proposed ÂAgreed JudgmentÂ and filed a motion for entry of judgment.Â  Duke
likewise drafted a proposed ÂFinal JudgmentÂ and filed a motion for entry of
judgment.Â  In response to Defendants/AppelleesÂ proposed judgment, Appellants
filed a pleading entitled ÂObjections and Motion to Withhold Entry of Agreed
Judgment and Motion to Vacate Agreed Settlement.ÂÂ  In this pleading, Appellants
asserted numerous ÂgeneralÂ and ÂspecificÂ objections to the settlement
agreement and the proposed judgment.

Â Â Â Â Â Â Â Â Â Â Â  Duke argued in a response that AppellantsÂ
motion was Âtoo lateÂ and Âwithout merit.ÂÂ  After a hearing on April 8, the
court signed the judgment.

Â Â Â Â Â Â Â Â Â Â Â  Appellants filed a motion for new
trial within a week after the judgment was signed.Â  They later filed a
ÂDesignation of 100 Acres Under Objection and Motion for Judgment Nunc Pro
TuncÂ in which they asserted most of the same objections previously made to the
settlement agreement and the proposed judgment.Â  They also objected that the
judgment was Âincomplete and not finalÂ because it did not contain a legal
description of the various tracts of property affected by the judgment.Â 
Finally, they argued that the judgment recitals were inconsistent with the
settlement agreement which required that the 100-acre tract designed by the
Steeles be that acreage Âdescribed in the instruments in evidence in this caseÂ
and including the lake, the landing strip, and the house.Â  According to Appellants,
the 100-acre tract described by the deeds in evidence does not include the
house.Â  Therefore, they asked the court to also include an additional
30.07-acre tract on which the house sits.

Â Â Â Â Â Â Â Â Â Â Â  Duke designated a contiguous 50-acre
tract as provided by the settlement agreement.Â  The 50 acres designated by Duke
is actually comprised of two tracts: (1) the 30.07-acre tract sought by Appellants;
and (2) a 20-acre tract.Â  Duke also responded to AppellantsÂ motion for
judgment nunc pro tunc and urged that it be denied.

Â Â Â Â Â Â Â Â Â Â Â  On June 21, Appellants filed a
ÂSupplement Motion for New TrialÂ urging the court to set aside the judgment
because of Âfraud and aggravated perjury.ÂÂ  In this motion, Appellants argued
that DukeÂs claim to the disputed property was based on a forged deed.Â  AppellantsÂ
post-judgment motions were overruled by operation of law.Â  See Tex. R. Civ. P. 329b(c).

Withdrawal of Consent

Â Â Â Â Â Â Â Â Â Â Â  Appellants contend in their first
issue that the court erred by signing the written judgment after they withdrew
their consent to the underlying settlement agreement.

Â Â Â Â Â Â Â Â Â Â Â  A court cannot render a valid consent
judgment unless all parties consent to the terms of the judgment at the time of
rendition.Â  Chisholm v. Chisholm, 209 S.W.3d 96, 98 (Tex. 2006) (per
curiam).Â  ÂJudgment is rendered when the trial court officially announces its
decision in open court or by written memorandum filed with the clerk.ÂÂ  S
& A Rest. Corp. v. Leal, 892 S.W.2d 855, 857 (Tex. 1995) (per curiam); Alcantar
v. Okla. NatÂl Bank, 47 S.W.3d 815, 821 (Tex. App.ÂFort Worth 2001, no
pet.); accord Bazan v. Canales, 200 S.W.3d 844, 847 (Tex. App.ÂCorpus
Christi 2006, no pet.).

Thereafter, the trial courtÂs signing of the
judgment is merely a ministerial act.Â 
While the date a trial court signs a judgment determines when a motion for new
trial or notice of appeal must be filed, the date of signing does not affect or
change the date of the rendition of the judgment.Â  Further, once the trial court renders judgment
based on the partiesÂ settlement agreement, the parties cannot revoke their
consent to the agreement.

Â 

Alcantar,
47 S.W.3d at 821 (citing Samples Exterminators v. Samples, 640 S.W.2d
873, 874-75 (Tex. 1982) (per curiam); Patel v. Eagle Pass Pediatric Health
Clinic, Inc., 985 S.W.2d 249, 252 (Tex. App.ÂCorpus Christi 1999, no pet.))
(other citations omitted); accord S & A Rest., 892 S.W.2d at 857 (ÂA
party may revoke its consent to a settlement agreement at any time before
judgment is rendered on the agreement.Â); ExxonMobil Corp. v. Valence Operating Co., 174 S.W.3d 303, 309 (Tex. App.ÂHouston [1st Dist.] 2005, pet.
denied) (same).

Â Â Â Â Â Â Â Â Â Â Â  Here, the parties announced their
agreement on the record in open court.Â  After ensuring that every party agreed
to the stated terms, the court pronounced, ÂAt this time I render judgment in
accordance with the terms of the settlement.Â

Â Â Â Â Â Â Â Â Â Â Â  Because the court orally rendered
judgment immediately following the recitation of the partiesÂ settlement
agreement on the record, Appellants could not thereafter revoke their consent.Â 
See id.Â  Accordingly, we overrule AppellantsÂ first issue.

Supplemental Motion for New Trial

Â Â Â Â Â Â Â Â Â Â Â  Appellants contend in their third
issue that the court abused its discretion by refusing to grant their
supplemental motion for new trial.Â  However, the supplemental motion was not
filed until more than two months after the judgment was signed.Â  Thus, the
court had no authority to consider it.Â  See Tex. R. Civ. P. 329b(b) (amended motion for new trial must be
filed within 30 days after judgment); HCRA of Tex., Inc. v. Johnston,
178 S.W.3d 861, 867 (Tex. App.ÂFort Worth 2005, no pet.).Â  Accordingly, we
overrule AppellantsÂ third issue.[5]

Adequacy of Written Judgment

Â Â Â Â Â Â Â Â Â Â Â  Appellants contend in their second
issue that the judgment is void because it does not describe with sufficient
certainty the various property interests adjudicated.

ÂA judgment must be sufficiently definite and certain to define and
protect the rights of all litigants, or it should provide a definite means of
ascertaining such rights, to the end that ministerial officers can carry the
judgment into execution without ascertainment of facts not therein stated.ÂÂ  Stewart
v. USA Custom Paint & Body Shop, Inc., 870 S.W.2d 18, 20 (Tex. 1994); In re R.J.A.H., 101 S.W.3d 762, 763 (Tex. App.ÂHouston [1st Dist.] 2003,
no pet.).

When real property is involved, the property description in a
judgment must provide the same certainty as the property description in a
deed.Â  Greer v. Greer, 144 Tex. 528, 191 S.W.2d 848, 849-50 (1946); Browning
v. West, 557 S.W.2d 848, 851 (Tex. Civ. App. ÂTyler 1977, writ refÂd
n.r.e.).Â  Â[T]he description must be so definite and certain upon the face of
the instrument itself, or in some other writing referred to, that the land can
be identified with reasonable certainty.ÂÂ  Greer, 191 S.W.2d at 849; accord
Long Trusts v. Griffin, 222 S.W.3d 412, 416 (Tex. 2006) (per curiam); Browning,
557 S.W.2d at 850.

Here, the judgment fails to satisfy this test on several grounds.Â 
For example:

Â·Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
the judgment awards
Defendants/Appellees a 60% mineral interest for 20 years in Âthe [927.822] acre
tract of land claimed by Floyd Duke, Sr. and Minnie Duke and William B. Duke
and Betty DukeÂ;

Â 

Â·Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
the judgment awards the
Steeles Âfee simple title to one hundred fifty (150) acres of the [927.822]
acre tractÂ 100 acres of which Âshall be designated by the Plaintiffs and may
include the home which Plaintiff Gene C. Steele occupies at this time, the
lake, the landing strip, and the parkÂ and the remaining 50 acres of which
Âshall be designated by Floyd Duke, Jr., and shall be contiguous to the one
hundred (100) acres designated by Plaintiffs.Â

Â 

Â·Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
the judgment awards Duke Âall
of that part of the [927.822] acres remaining after PlaintiffsÂ one hundred
fifty (150) acres is designated.Â

Â 

Â Â Â Â Â Â Â Â Â Â Â  These descriptions are not Âso
definite and certain Â .Â  .Â  .Â  that the land can be identified with reasonable
certaintyÂ nor do they refer to Âsome other writingÂ which can provide the
required certainty.Â  See Greer, 191 S.W.2d at 850; Browning, 557
S.W.2d at 850-51; see also Long Trusts, 222 S.W.3d at 416.

Â Â Â Â Â Â Â Â Â Â Â  Appellants argue that this defect
renders the judgment void, and there is case law to support this contention.Â  See
Greer, 191 S.W.2d at 850; R.J.A.H., 101 S.W.3d at 763; Browning,
557 S.W.2d at 851; see also Stewart, 870 S.W.2d at 20.Â  In light of more
recent decisions by the Supreme Court regarding ÂvoidÂ judgments, however, we
believe the better rule to be that such a judgment is merely voidable.Â 
According to the Supreme Court, ÂA judgment is void only when it is
apparent that the court rendering judgment Âhad no jurisdiction of the parties
or property, no jurisdiction of the subject matter, no jurisdiction to enter
the particular judgment, or no capacity to act.ÂÂÂ  Browning v. Prostok,
165 S.W.3d 336, 346 (Tex. 2005) (quoting Browning v. Placke, 698 S.W.2d 362,
363 (Tex. 1985) (orig. proceeding) (per curiam)) (emphasis added). Â All other
defects render a judgment merely voidable.Â  Placke, 698 S.W.2d at 363; Armentor
v. Kern, 178 S.W.3d 147, 149 (Tex. App.ÂHouston [1st Dist.] 2005, no pet.);
Peacock v. Wave Tec Pools, Inc., 107 S.W.3d 631, 636 (Tex. App.ÂWaco 2003,
no pet.).

Â Â Â Â Â Â Â Â Â Â Â  Here it is clear that the court had
jurisdiction of the parties, the property, and the subject matter and had
capacity to act.Â  No one contends otherwise.Â  Therefore, we hold that the
courtÂs judgment is not ÂvoidÂ because of the insufficient property
descriptions it contains, but, as Appellants argue, the judgment is erroneous.

Â Â Â Â Â Â Â Â Â Â Â  Under the Rules of Appellate
Procedure, we are authorized to modify a trial courtÂs judgment and affirm it
as modified. Â See Tex. R. App. P.
43.2(b); Dal-Chrome Co. v. Brenntag Sw., Inc., 183 S.W.3d 133,
144 (Tex. App.ÂDallas 2006, no pet.); Tex. Tech. Univ. Health Sciences Ctr.
v. Rao, 105 S.W.3d 763, 770-71 (Tex. App.ÂAmarillo 2003, pet. dismÂd).Â 
Because we have an adequate record to do so, we will modify the judgment in
this case to correct the inadequate property descriptions.

Â Â Â Â Â Â Â Â Â Â Â  Under the settlement agreement, the
Steeles were to receive fee simple title to 150 acres out of the 927.822-acre
tract which would include Âthe lake, the landing strip, the house [Gene]
occupies, the 100 acres described in the instruments in evidence in this case,
plus 50 additional acres contiguous thereto to be designated by [Duke]Â.[6]
Â Duke was to receive the remaining acreage.

Â Â Â Â Â Â Â Â Â Â Â  There is no dispute about the
description of the 927.822-acre tract in which Defendants/Appellees have
received a sixty percent mineral interest for twenty years, but that
description does not appear in the judgment.Â  Nor is there any reference in the
judgment to any other document containing that description.Â  Therefore, we will
modify the judgment to include that description.

Â Â Â Â Â Â Â Â Â Â Â  ÂUnder objection,Â the Steeles filed their
designation of the 100 acres awarded them.Â  However, they complained that the
house does not lie within the 100 acres agreed to by the parties.Â  Therefore, they
designated an additional 30.07 acres adjacent to the 100-acre tract and
requested that Duke be required to designate only 20 additional acres.Â 
Although the trial court never ruled on the SteelesÂ request, Duke complied
with it.Â  In his designation of the additional fifty acres, Duke designated the
30.07 acres sought by the Steeles and an additional 20-acre tract.Â  With these
designations, the parties also provided surveys which contain metes-and-bounds
descriptions of the tracts.Â  Accordingly, we will modify the judgment to
include these descriptions.

Â Â Â Â Â Â Â Â Â Â Â  For the foregoing reasons, AppellantsÂ
second issue is sustained.

Â 

Â 

Dismissal Motions

Â Â Â Â Â Â Â Â Â Â Â  Appellees Dorothy McDonald and Floyd
Duke have each filed motions to dismiss this appeal because Appellants waived
their right of appeal in the settlement agreement.Â  Duke also request damages
for frivolous appeal under Rule of Appellate Procedure 45.Â  See Tex. R. App. P. 45.

Â Â Â Â Â Â Â Â Â Â Â  As a general matter, a party who asks
the court to approve a settlement agreement and enter judgment accordingly may
not attack the judgment on appeal.Â  Mailhot v. Mailhot, 124 S.W.3d 775,
777 (Tex. App.ÂHouston [1st Dist.] 2003, no pet.).Â  However, this does not
prevent a party from appealing on the basis of fraud, collusion, or
misrepresentation.Â  Chang v. Linh Nguyen, 81 S.W.3d 314, 316 n.1 (Tex.
App.ÂHouston [14th Dist.] 2001, no pet.); Baw v. Baw, 949 S.W.2d 764,
766 (Tex. App.ÂDallas 1997, no writ).Â  Or as has been stated in the arbitration
context, a judgment rendered on an arbitration agreement may be appealed
notwithstanding a waiver-of-appeal provision in the agreement when there is an
allegation of fraud, misconduct, or gross mistake.Â  Barsness v. Scott, 126
S.W.3d 232, 238 (Tex. App.ÂSan Antonio 2003, pet. denied).

Â Â Â Â Â Â Â Â Â Â Â  Here, the agreed waiver of appeal
clearly prohibits the parties from challenging the division of the property in
dispute.Â  However, there was a Âgross mistakeÂ in the judgment because it was
not adequate to effectuate the partiesÂ agreement.Â  Appellants tried without
success to remedy this deficiency by motion for judgment nunc pro tunc.Â  Under
these circumstances, we hold that the waiver of appeal does not bar AppellantsÂ
efforts to obtain a judgment which fully effectuates the settlement agreement.Â 
Therefore, we deny McDonaldÂs and DukeÂs dismissal motions.

Â Â Â Â Â Â Â Â Â Â Â  Because we have found AppellantsÂ
second issue to be meritorious, we deny DukeÂs request for damages under Rule
45.Â  See In re Estate of Davis, 216 S.W.3d 537, 548 (Tex. App.ÂTexarkana
2007, pet. denied); Tex. DepÂt of Transp. v. Beckner, 74 S.W.3d 98, 104-05
(Tex. App.ÂWaco 2002, no pet.).

Conclusion

We modify the judgment to reflect that: (1)
Defendants/Appellees have an undivided sixty percent mineral interest in the 927.822-acre
tract more particularly described in this CourtÂs judgment which interest will
end on January 11, 2025; (2) the Steeles have fee simple title to the 150.070-acre
tract more particularly described in this CourtÂs judgment save and except the
mineral interest awarded to Defendants/Appellees; and (3) Duke has fee simple
title to approximately 777.752 acres, which consists of the 927.822-acre tract
more particularly described in this CourtÂs judgment less the 150.070-acre
tract awarded to the Steeles, save and except the mineral interest awarded to
Defendants/Appellees.Â  As modified, the judgment is affirmed.

Â 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Affirmed as modified

Opinion delivered and
filed August 1, 2007

[CV06]









[1]
Â Â Â Â Â Â Â Â Â Â Â Â Â  The parties and the trial
court refer to the tract as comprising approximately 903 acres.Â  However, a May
2005 survey determined that the tract contains 927.822 acres.

Â 





[2]
Â Â Â Â Â Â Â Â Â Â Â Â Â  The briefing for Appellants
followed a rather circuitous route.Â  AppellantsÂ former counsel first raised
these three issues in a brief which was later struck for noncompliance with the
Rules of Appellate Procedure.Â  See Steele v. McDonald, 202 S.W.3d 926, 927
(Tex. App.ÂWaco 2006, order) (per curiam).Â  Appellants terminated their former
counselÂs services, then Gene Steele filed a pro se brief raising the
same issues.Â  A majority of this Court ruled that Gene was not authorized to
file a pro se brief on behalf of his co-appellants or in his status as
independent executor of William DukeÂs estate.Â  Id. at 928.Â  Appellants
then hired other counsel who filed a motion to adopt the pro se brief
and the issues therein as the appellantsÂ brief.Â  That motion was granted.





[3]
Â Â Â Â Â Â Â Â Â Â Â Â Â  The first indication of an
appearance for the Estate of John B. McDonald in the clerkÂs record is a
February 2001 motion for a survey filed by the attorney representing all the
defendants at that time.Â  Counsel for Dorothy McDonald, Individually and as
Independent Executrix of the Estate, filed an appearance in April 2003.

Â 





[4]Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Gene
Steele appears in this appeal both as an individual and as Independent Executor
of the Estate of William B. Duke, Deceased.Â  However, the references in this
opinion to ÂDukeÂ are to Intervenor/Appellee Floyd Duke, Jr. and not to the
decedent William B. Duke.





[5]
Â Â Â Â Â Â Â Â Â Â Â Â Â  To provide additional support
for the contentions presented in the third issue, Appellants submitted
documents to this Court in an appendix.Â  Duke has filed a motion to strike
these documents because they were not formally included in the appellate
record.Â  That motion is granted.Â  See Guajardo v. Conwell, 46 S.W.3d 862,
864 (Tex. 2001) (per curiam) (appellate court may not consider documents not
included in appellate record); Burke v. Ins. Auto Auctions Corp., 169
S.W.3d 771, 775 (Tex. App.ÂDallas 2005, pet. denied) (same).





[6]
Â Â Â Â Â Â Â Â Â Â Â Â Â  By contrast however, the
judgment provides only that the SteelesÂ 150 acres Âmay includeÂ the
lake, the landing strip, and the house.Â  (emphasis added)