## ALBERT R. HAMMOND v. MARTHA E. WELLS.

*Builder's lien—Homestead exemption.*

A mechanic's lien cannot be enforced against lands of which there is no written identification in the agreement for the work.

A mortgage given by a married man will not bind the homestead unless it is in writing; nor will a mechanic's lien, if it does not identify the premises by written description.

Charges cannot be imposed on real estate by oral agreements unless there are distinct and positive provisions enabling it to be done.

Appeal from Washtenaw.   Submitted October 27.   Decided November 10

PROCEEDINGS to enforce mechanic's lien.   The petitioner appeals.   Affirmed.

*Noah W. Cheever* for petitioner.

·*Sawyer & Knowlton* for respondent.

GRAVES, J.   This proceeding was taken to enforce a mechanic's lien.   The steps to institute the lien were pur-

sued under the law as it existed when the Act of May 31, 1879, was adopted; but the suit was brought under the latter statute. The circuit judge after hearing on pleadings and evidence dismissed the petition and the petitioner appealed.

Several questions possessing interest are presented. There is one, however, which is paramount and controlling. It relates to an objection which is insurmountable, and the other points therefore cease to be material.

The lien is asserted as one arising out of the execution of a contract by the petitioner for putting up a dwelling-house for respondent on her lot in the city of Ann Arbor, and he sets forth the contract and alleges performance and the failure of respondent to pay the consideration, and prays a sale of the property.

The point of defense to which attention has been suggested is that from a date long prior to the contract down to the present time the lot has been the respondent's homestead, and as such exempt, and she contends it is exempt from these proceedings. The petitioner admits the fact that for many years and up to this time the lot has been her homestead, but he insists that it is bound notwithstanding, by this proceeding. His exact position is that the transaction enures as a lawful mortgage on the premises and is hence within the exception contained in the constitutional provision for the exemption of a homestead. Article xvi., § 2.

The case is to be decided on the particular facts and the question is brought within very narrow bounds.

The petitioner set down in writing a list of the particulars of a dwelling-house with brief descriptions of materials and of the style and quality of the work, and added what the price would be. The parties appended and subscribed a brief statement of their agreement to such plan and specifications, and that the price should be paid in a given manner. Such was the written agreement. No other writing was made. There was no reference to any site for the building. The writing was silent on the subject. On its face it was as capable of application to the putting up of a building on one site as on another. Hence the identification of the intended

place, if indeed any was understood as fixed upon, was left entirely in parol. And there is no evidence that the respondent contemplated as matter of fact the creation of a charge on any real estate.

For the purpose of the case it may be granted that the effect of the mechanic's lien law, where it is applicable, is to create a species of statute mortgage, whether the contract is written or unwritten and even though the land-holder may not have intended in point of fact to charge his estate; and that in case the contract is written and duly signed and describes the premises to be affected; it will attach and bind even though the place is a homestead. But granting all this, it remains to inquire whether a contract wholly blank in regard to the premises to be built on or affected, is a valid basis on which to establish a lien or statute mortgage by adverse proceedings against what was a homestead at the time of the contract and has so continued. The court is clearly of opinion that it is not.

At common law a mortgage could not be partly in writing and partly in parol, and it has always been deemed necessary that some kind of description of the premises intended to be encumbered should be in writing, and unless there are provisions which are very distinct and very positive to the contrary, the courts will decline to recognize the power to impose charges on real estate by oral agreement. *West v. Laraway* 28 Mich. 464; *Wilson v. Jones* 46 Md. 349.

When the Constitution was formed, a mechanic's lien could not be created on real estate unless there was a complete contract in writing, signed, acknowledged and recorded (Rev. Stat. 1846, ch. 126), and the exception contained in the second section of the article on exemptions in favor of mortgages lawfully obtained, was framed in view of the established rule at law that a mortgage, including the description of the premises, must be in writing. The qualification of the exception is very decisive. The mortgage which the exception from the exemption permits must be one that is not only lawfully obtained, but one that is signed by the wife if the maker is a married man. The mortgage then which is referred to and

intended by the Constitution is a written mortgage—a mortgage which may be signed, and therefore one whose signing would be suitable and regular as an act to attest the assent of the parties to the imposition of the burden on designated premises.

By no ingenuity can the contract relied on be brought within this description. It cannot therefore be allowed to operate adversely to the homestead exemption. It is practicable to bring many reasons to the support of this view, but it is not supposed to be necessary to extend the opinion.

The decree must be affirmed with costs.

The other Justices concurred.