W. F. SMITH ET UX. v. F. L. SORELLE ET AL.

No. 6389.   Decided November 13, 1935.
Rehearing overruled December 11, 1935.
(87 S. W., 2d Series, 703.)

**354**

*R. E. Allday,* of Tyler, for plaintiffs in error.

The court erred in holding that the description in the deed from W. F. Smith and wife to Busby was sufficiently certain, for the reason it showed on its face that the 100 acres was to be taken out of, and was a part of, a larger tract without giving any means to locate any specific tract. The court also erred in holding that the parol evidence and the affidavit of W. F. Smith was sufficient to aid the description in the deed. 17 Texas Jur., p. 793, sec. 353; Giddings v. Day, 84 Texas, 605, 19 S. W., 682; O'Brien v. Jones, 274 S. W., 242; Bank of Mt. Pleasants v. Kelley, 13 S. W. (2d) 69; Link v. Page, 72 Texas, 592, 10 S. W., 699.

*Carrigan, King & Surles,* of Wichita Falls, for defendants in error.

On proposition that description of land was sufficient. 8 R. C. L., sec. 132; Millsap v. People, 288 S. W., 181; Shelley v. Creighton-McShane Oil Co., 130 S. W., 848; 2 Ann. Cas., 918; Timmins v. Independent Lbr. Co., 7 S. W. (2d) 130; First State Bank of Carbon v. Thurman, 12 S. W. (2d) 146.

MR. JUSTICE SHARP delivered the opinion of the court.

W. F. Smith and wife instituted this suit in the District Court of Upshur County against R. H. Busby, R. W. Fails, and F. L. Sorelle, for the purpose of cancelling certain mineral deeds: one executed by Smith and wife to R. H. Busby, and two executed by R. H. Busby,—one to R. F. Fails and one to F. L. Sorelle. The cause was tried before the court without a jury, and judgment was entered cancelling the three deeds involved. Busby, Fails, and Sorelle appealed the case to the Court of Civil Appeals at Texarkana, and the judgment as to Busby was affirmed; but the judgment of the trial court was reversed and judgment rendered in favor of Fails and Sorelle. 53 S. W. (2d) 138. We refer to the opinion of the Court of Civil Appeals for a more detailed statement of the facts and

issues involved. From the judgment of the Court of Civil Appeals Smith and wife bring this cause here. Busby does not appeal.

The decisive question here involves the sufficiency of the description of the property contained in the deed from Smith and wife to Busby. Fails and Sorelle claim their interests as grantee to Busby. Busby having failed to appeal from the judgment of the Court of Civil Appeals, we are not concerned with the judgment rendered against him. If the description of the property contained in the deed from Smith and wife to Busby is insufficient, the other questions become immaterial.

On February 5, 1931, Smith and wife executed a contract with Busby to sell him one-fourth of the royalty on 100 acres, described as follows:

"Being an undivided one-fourth interest out of a certain tract of land situated, lying, and being in the County of Upshur, State of Texas, described as follows: 100 acres out of Blocks 8 and 9 of the subdivision of Jose Maria Pineda Survey, which was patented to Adolphus Stern, Pat. 608, Vol. 2, three miles North of Gladewater, Texas."

By royalty deed, dated February 11, 1931, Smith and wife, in pursuance of the foregoing contract, executed to Busby an undivided one-fourth interest in the oil and gas, and other minerals, in the following described lands:

"A certain tract of land situated lying and being in the county of Upshur, State of Texas, described as follows: 100 acres out of blocks eight and nine of the sub-division of Jose Maria Pineda survey which was patented to Adolphus Stern, Pat. 608, Vol. 2, three miles north of Gladewater, Texas, * * *.

And said above described lands being now under an oil and gas lease originally executed in favor of W. M. Worley and now being held by W. M. Worley, * * *."

Busby, by royalty deed dated February 24, 1931, conveyed to R. W. Fails an undivided one-sixteenth interest in the oil and gas, and other minerals, in the 100 acres of land, and described same as it was described in the deed received by Busby from Smith and wife. Also, Busby, by royalty deed dated March 18, 1931, conveyed to Sorelle an undivided one-eighth interest in the oil and gas, and other minerals,—giving the same description of the land as was in the deeds above mentioned.

It will be noted that the mineral lease referred to in the royalty deed above described was to W. M. Worley. It is unquestioned that the lease offered in evidence was in the name of

H. F. Worley. The record shows that the deed from Smith and wife to Busby was delivered to Moore, to place his seal and certificate thereon, and then to be delivered by him in escrow to a bank in Gladewater; but that Moore, in violation of their instructions, delivered the deed to Busby, who had it recorded. Smith having discovered that the deed had been improperly delivered to Busby, prepared his affidavit setting out these facts, and filed same March 7, 1931. In the affidavit made by Smith the 100 acres of land was correctly described. This affidavit was filed as notice to the public of the improper acts of Busby in obtaining possession of the deed, and that Smith, and not Busby, owned the mineral rights in the land.

The lease to H. F. Worley executed by Smith and wife referred to the deed from Republic Insurance Company to W. F. Smith, which was recorded in the Deed Records of Gregg County. No such document as a lease to W. M. Worley existed. No reference was made in the mineral deed from Smith and wife to Busby to the H. F. Worley lease, or to the deed from the Republic Insurance Company to Smith. The trial court refused to admit in evidence the lease to H. F. Worley and the deed from the Republic Insurance Company to W. F. Smith, tendered in evidence in aid of the description of the 100 acres of land involved.

The trial court, among other things, found: (1) that Busby improperly obtained possession of the mineral deed executed by Smith and wife to him; (2) that the mineral deed from Smith and wife to Busby was void for lack of sufficient description; and (3) that Fails and Sorelle are not innocent purchasers of their mineral deeds.

The Court of Civil Appeals held that the mineral deed from Smith and wife to Busby "was not inherently uncertain." It was also held that the trial court erred in refusing to admit in evidence the deed from the Republic Insurance Company to Smith. Furthermore, it was held that the affidavit of Smith, with respect to the improper conduct of Busby in obtaining his mineral deed, and giving the public notice of such fact and that he still claimed the minerals in said land, was an admission of the correct description of the land intended to be conveyed to Busby. Based upon these conclusions, the Court of Civil Appeals reversed and rendered the judgment in favor of Fails and Sorelle.

■ The mineral deed from Smith and wife to Busby is dated February 11, 1931. The mineral deed from Busby to Fails is

dated February 24, 1931. The mineral deed from Busby to Sorelle is dated March 18, 1931. The affidavit by Smith was filed March 7, 1931. Busby and Fails cannot invoke the contents of the affidavit to aid the description in their deeds, because the affidavit did not exist at the time of the execution of their deeds, and could not be considered in connection therewith. As to Sorelle, it cannot be used to aid the description in his deed, because the affidavit if read by him contained notice of the defect of Busby's claim to the minerals, and put him on inquiry about Busby's tile or claim thereto. No pleadings were filed claiming that there was a mutual mistake between Smith and wife and Busby in the description contained in the mineral deed, and no relief is sought on the ground that the documents do not speak the truth. The issue of mutual mistake is not involved here. Therefore, the deeds must stand or fall by the description contained in the deed from Smith and wife to Busby.

■ The law provides that no action can be maintained on a contract for the conveyance of real estate unless the contract, or some memorandum thereof, be in writing. Article 3995, R. S., 1925. If the subject matter sought to be conveyed is not described sufficiently to identify same, the requirements of the statute have not been met. Oil and gas in place under land are regarded as real estate, and conveyances thereof are subject to the same rules governing the conveyance of real estate.

In the case of Norris v. Hunt, 51 Texas, 609, in discussing the sufficiency of the description of land contained in an instrument in order to be valid, the Court said:

"It is said by Chief Justice Marshall, in Chinoweth v. Haskell, 3 Pet., 96 (7 L. Ed, 614), that 'It is an obvious principle that a grant must describe the land to be conveyed, and that the subject granted must be identified by the description given of it in the instrument itself.'

"Both for the reasons for which the statute of frauds was enacted and upon the authority of adjudged cases, this rule should apply as well to other instruments for the conveyance of lands, as to grants technically so known.

"The true rule, as deduced from the authorities, seems to be that this description should be so definite and certain upon the face of the instrument itself, or by other writing referred to, that the land can be identified with reasonable certainty.

"To hold otherwise would defeat the wise intention and object of the statute, by permitting to rest in parol extrinsic tes-

timony, that which should have been embraced in the written instrument."

The foregoing rule has long been established in this State, and has been repeatedly followed in many cases. Collier et al. v. Valley Building & Loan Assn. et al. (Comm. of Appls.) 62 S. W. (2d) 82; Cleveland v. Sims, 69 Texas, 154, 6 S. W., 634; Bitner v. Land Company, 67 Texas, 342, 3 S. W., 301; Terrell v. Martin, 64 Texas, 125; Coker v. Roberts, 71 Texas, 597, 9 S. W., 665; Higgins v. Bankers' Mortgage Co. (Comm. of Appls.), 13 S. W. (2d) 683; Continental Supply Co. v. Missouri, K. & T. Ry Co. of Texas et al. (Comm. of Appls.), 268 S. W., 444, Id., 269 S. W., 1040; Smith v. Crosby, 86 Texas, 15, 23 S. W., 10, 40 Amer. St. Rpts., 818; see Fagg v. Texas Company, 57 S. W. (2d) 87 (Comm. of Appls.); 14 Texas Jurisprudence, §200, pp. 986, 987, and authorities cited; Hammond v. Wells, 45 Mich., 11, 7 N. W., 218.

The rule is well settled that parol evidence cannot be introduced to vary or contradict the descriptive data of a deed. 14 Texas Jurisprudence, §251, pp. 1045, 1046. The descriptive words in an instrument should be given a liberal construction. in order that the writing may be upheld, and parol evidence is admitted to explain the descriptive words and to identify the land; but the instrument itself must contain a nucleus of description. The parol testimony must directly be connected with the descriptive data, and when more than this is required, the description is insufficient. 14 Texas Jurisprudence, §204, pp. 992, 993, and authorities cited.

Undoubtedly the description contained in the mineral deed from Smith and wife to Busby is insufficient unless parol evidence is resorted to for aid to definitely determine the property intended to be conveyed. Since the deed refers to no data which can be used in aid thereof, we are confined exclusively to the description contained in the mineral deed. The description contained therein is an undefined "100 acres out of Blocks 8 and 9 of the subdivision of Jose Maria Pineda Survey, which was patented to Adolphus Stern." No attempt is made to define the land by field notes. That Blocks 8 and 9 contain more than 100 acres of land is unchallenged.

This Court has held that a deed purporting to convey land, which describes it only by quantity and as being part of a larger tract, with nothing whereby to identify what specific portion of the larger tract is intended to be conveyed, is void for

uncertainty of description. To illustrate, the following descriptions were condemned as being insufficient:

"120 acres out of the W. A. Rhodes survey, abstract No. 858, and survey No. 84, situated in Eastland County, Texas." Continental Supply Co. v. Missouri, Kansas & T. Ry. Co. of Texas et al., supra. "The land attempted to be conveyed thereby is described as thirty-seven hundred and eighty-eight acres of the Martin Flores league." Tram Lumber Co. et al. v. Electra C. Hancock et al., 70 Texas, 312, 7 S. W., 724.

In this instance there is nothing in the descriptive data that extrinsic evidence may aid to definitely describe the 100 acres of land. The description contained in the mineral deed from Smith and wife to Busby fails to meet the test as announced by the many decisions of this State, and the deed, therefore, cannot be sustained.

The judgment of the Court of Civil Appeals will be reversed, and the judgment of the trial court affirmed.

Opinion delivered November 13, 1935.

Rehearing overruled December 11, 1935.