NUMBER
13-01-286-CV

 

                                 COURT
OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                                    CORPUS
CHRISTI

___________________________________________________________________

 

AMS CONSTRUCTION CO., INC. 

D/B/A AMS STAFF
LEASING,                                                          Appellant,

 

                                                             v.

 

WARM SPRINGS REHABILITATION 

FOUNDATION, INC.,                                                                          Appellee.

___________________________________________________________________

 

                              On
appeal from the 24th District Court

                                        of
Victoria County, Texas.

__________________________________________________________________

 

                                          O
P I N I O N

 

                       Before
Justices Dorsey, Hinojosa, and Rodriguez

                                       Opinion
by Justice Rodriguez

 








Appellant, AMS Construction Co., Inc.
d/b/a AMS Staff Leasing (AMS), filed a $14,155.06 mechanic=s lien
against a hospital owned by appellee, Warm Springs Rehabilitation Foundation,
Inc. (Warm Springs).  AMS brought the
present lawsuit against Warm Springs seeking to foreclose on the lien.[1]  Warm Springs answered and filed a
counterclaim against AMS requesting a declaratory judgment and attorneys= fees.[2]  The trial court granted Warm Springs=s motion
for partial summary judgment on the liability issues.  Following a bench trial, the trial court
awarded attorneys= fees to Warm Springs.  The final judgment incorporated the partial
summary judgment.[3]  By five issues, AMS complains generally that
the trial erred in granting Warm Springs=s summary judgment motion.  AMS also challenges the competency of Warm
Springs=s
summary judgment evidence.  We reverse
and remand.

I. 
BACKGROUND








Warm Springs hired a general contractor,
Coleman-Roth Construction, Inc.,[4]
to build a hospital in Victoria, Texas. 
As general contractor, Coleman-Roth hired a subcontractor, Third Coast Mechanical
Contractors, Inc. (Third Coast), to install the air conditioning and heating
systems.  AMS and Third Coast entered
into a Professional Employer Organization Services Agreement.  AMS claimed, pursuant to the agreement, it
was to furnish labor to Third Coast for the construction of the hospital, and
Third Coast was to pay AMS the invoice price of the labor furnished.  Warm Springs contended AMS only provided
administrative services for Third Coast, specifically payroll services.

Warm Springs filed a motion for partial
summary judgment asserting AMS did not qualify as a Aperson
entitled to a lien@ under section 53.021(a)(1) and (2) of the
Texas Property Code.  Warm Springs also
urged the affirmative defenses of estoppel and payment.  As summary judgment evidence, Warm Springs
attached the affidavits of Stephen W. Roth, president of Coleman-Roth; Harvey
Knezek, an employee of Coleman-Roth; and Johnnie Earl Graham, a foreman at the
work site.  In support of its amended
response to Warm Springs=s summary judgment motion, AMS filed the
amended affidavit of Charles D. Wood, Jr., president and shareholder of
AMS.  Declaring the lien invalid, void,
and unenforceable, and without stating its reasons, the trial court granted
Warm Springs=s motion
Ain all
things.@

II. 
SUMMARY JUDGMENT EVIDENCE








On appeal, both AMS and Warm Springs
complain that the summary judgment evidence of the other party is
conclusory.  AAn
objection that an affidavit is conclusory is an objection to the substance of
the affidavit that can be raised for the first time on appeal.@  Haynes v. City of Beaumont, 35 S.W.3d
166, 167 (Tex. App.CTexarkana 2000, no pet.); see Mercer
v. Doaran Corp., 676 S.W.2d 580, 583 (Tex. 1984); Lara v. Tri-Coastal
Contractors, Inc., 925 S.W.2d 277, 279 n.3 (Tex. App.BCorpus
Christi 1996, no writ).  Thus, the
complaints regarding conclusory statements are properly before this Court.

A. 
AMS=s
Objections to Warm Springs=s Summary Judgment Evidence

By its second issue, AMS objects to the
following portions of Roth=s affidavit as being conclusory and Areplete
with unsubstantiated opinions:@

I have
reviewed the contract which AMS produced to be the contract between AMS and
Third Coast.  I have read it.  Under the terms of that written contract AMS
did not provide labor under a contract as a subcontractor to improve the real
estate in question or to improve or repair the buildings or construction in
question. . . .[5]

 

* * * *
*

 








These
[contract] terms are included within the written contract provided to us by
AMS, which is attached hereto as Exhibit AA@ to this
affidavit and incorporated herein as an admission against interest by the
Plaintiff, AMS.  In the construction
industry, this clearly means that the employees in question who performed the labor
were employees of Third Coast, and AMS was functioning much like a personnel
department would for a company; thus AMS[>s] services were part of general
overhead.  AMS[>s] pleadings
claim that it provided labor or improved the real estate in question are
contrary to its written agreement with Third Coast and contrary to AMS[>s]
representations to me.  From reviewing
the AMS contract, given my experience in the construction industry, it is
obvious to me that under this contract the employees of Third Coast remained
employees of Third Coast and by this contract they were entitled to direct and
control their employees.  It is clear to
me that the reference in the contract to a Aco-employment@
situation did not take these employees away from Third Coast, but caused them
to remain Third Coast=s employees.  For AMS to claim these employees were
employees of AMS and that AMS was entitled to a lien would be a sham and a
fraud, as this is contrary to what they told us during the job, contrary to
what I personally observed, contrary to the written contract and contrary to
the facts.

 

Coleman-Roth
and Warm Springs relied upon all the representations and actions of AMS in
making payments.  Had Third Coast
actually had a subcontractor who provided labor for the job, to protect the
owner, and for the benefit of the owner, Coleman-Roth would have made sure that
the subcontractor was paid, its payment ensured or its potential lien claim
released before funds would have been released to Third Coast.  Thus, both Coleman-Roth and Warm Springs
relied on the actions and representations of AMS based upon the facts as I
personally observed on the job site, as I personally know from talking to an
AMS representative, and as I personally know from many conversations from Third
Coast and its employees, AMS[>s] present claim is a sham.

 

* * * *
*

 

AMS had
the right and the power to retain those funds or control those funds, but it
elected to allow them to be deposited to Third Coast=s
account. . . .

 

* * * *
*

 

From my
conversations it was very clear to me that AMS was serving as a payroll service
similar to how it is common in the Victoria area for a company that does not
have a bookkeeping staff to hire a local accounting firm or other bookkeeping
service to handle their payroll and governmental withholding taxes, deposit
their funds for that service and then that service will write the checks both
to the employees and to the federal government. 
This is a mere payroll service. 
AMS was not directing the work of the employees and was not at the job
site. . . .  (Underlining in original.)

 








Affidavits supporting and opposing a
motion for summary judgment must set forth facts, not legal conclusions
alone.  See Mercer, 676 S.W.2d at
583; Larson v. Family Violence & Sexual Assault Prevention Ctr. of S.
Tex., 64 S.W.3d 506, 514 n.6 (Tex. App.BCorpus
Christi 2001, pet. denied); Green v. Indus. Specialty Contractors, Inc.,
1 S.W.3d 126, 130 (Tex. App.BHouston [1st Dist.] 1999, no pet.).  AA conclusory statement is one that does
not provide the underlying facts to support the conclusion.@  Haynes v. City of Beaumont, 35 S.W.3d
166, 178 (Tex. App.BTexarkana 2000, no pet.).  Therefore, affidavits filed in support of or
opposing a summary judgment motion must be made on personal knowledge; must set
forth such facts as would be admissible in evidence; and must affirmatively
show that the affiant is competent to testify to matters stated therein.  Tex.
R. Civ. P. 166a(f); Ryland Group, Inc. v. Hood, 924 S.W.2d 120,
122 (Tex. 1996); Larson, 64 S.W.3d at 511.

Roth set 
out in his affidavit that he had worked in construction since 1965 and
had been an officer in Coleman-Roth, a commercial and industrial general
contractor, since 1973.  However, these
facts do not establish Roth is competent to testify as to narrow matters
related to whether AMS was the Aemployer of the laborers@ in this
case.  Tex. R. Civ. P. 166a(f); Hood,
924 S.W.2d at 122.  The affidavit does
not set forth facts which show Roth=s competency, expertise or personal
knowledge in the area of payroll or staff leasing services, or co-employment
relationships.  








In his affidavit, Roth testified AAMS was
never on site, never performed any work on the Project and never had any
employees of it perform work on the Project. 
AMS did not improve the real estate.@  Representatives from AMS told Roth AAMS was
a payroll service engaged by Third Coast to perform payroll and administrative
services,@ and Athe
representative was talking to [him] from AMS=s
offices in Dallas, Texas.@ 
Roth also stated that the employees who performed the labor told
Coleman-Roth=s
representatives Athey were employees of Third Coast,@ and AThird
Coast told [Coleman-Roth] they were employees of Third Coast.@  Otherwise, Roth only generally referred to
what he Apersonally
observed and what the actual personnel on site told [him].@

Roth offered no other specific facts to
support his conclusory statements regarding the contract, AMS=s
alleged employer status, or Coleman-Roth=s and Warm Springs=s
reliance on representations and actions of AMS in making payments.  We cannot conclude Warm Springs provided
underlying facts to support the conclusions about which AMS complains.  See Haynes, 35 S.W.3d at 178.  Because Roth=s
affidavit does not set forth facts which establish his competency, expertise or
personal knowledge supporting the opinions given or conclusions drawn, we
conclude the complained of portions of the affidavit are based on his
subjective belief and do not constitute competent summary judgment evidence.  See Trico Techs. Corp. v. Montiel, 949
S.W.2d 308, 310 (Tex. 1997); Texas Division-Tranter, Inc. v. Carrozza,
876 S.W.2d 312, 313-14 (Tex. 1994) (per curiam).  Thus, we will not consider those portions of
Roth=s
affidavit.  See Great Am. Reserve Ins.
Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965); Montemayor
v. Chapa, 61 S.W.3d 758, 762 (Tex. App.BCorpus
Christi 2001, no pet.).








AMS brings no other objections to Roth=s
affidavit.  Nor does AMS object to the
affidavits of Knezek or Graham also filed in support of Warm Springs=s
summary judgment motion.  Moreover, the
conclusory statements in Roth=s affidavit do not negate his entire
affidavit.  See Muhm v. Davis, 580
S.W.2d 98, 102 (Tex. Civ. App.BHouston [1st Dist.] 1979, writ ref=d
n.r.e.).  Therefore, we will consider the
remaining summary judgment evidence filed in support of Warm Springs=s
motion.

Accordingly, AMS=s second
issue is sustained in part and overruled in part.

B. 
Warm Springs=s Objections to AMS=s
Summary Judgment Evidence

In response, Warm Springs complains that
statements made in Wood=s affidavit regarding how AMS conducts
business are not competent because the affidavit does not set forth facts
showing specific knowledge of what happened in Victoria County.  It appears that Warm Springs is complaining
about paragraph 3 wherein Wood states:

AMS is
in the business of providing staff leasing services to its clients.  The clients, mainly employers in the
construction industry, retain AMS to employ its employees who are then Aleased@ to the
employer at a cost reduction.  In other
words, AMS makes the payroll for the employer and the employer pays AMS a fee
for its services.

 








In his affidavit, Wood set out that he was a shareholder and
president of AMS and was familiar with all aspects of the business.[6]  Wood=s experience in this area and his
relationship with AMS as shareholder and president show his competence to
testify about AMS=s business activities.  See Larson, 64 S.W.3d at 512.  Thus, we conclude this portion of his
affidavit is competent summary judgment evidence. 

Warm Springs also complains of Wood=s
references to Aemployees of AMS.@  It specifically argues that the following
statements, found in paragraphs seven, eight and nine, are conclusory and not
supported by facts:

AMS
employed the Third Coast employees and leased them back to Third Coast;

 

AMS
retained the exclusive right of direction and control over the employees. . .
.; and,

 

In
September and October 1998, all of the employees leased to Third Coast were
employees of AMS.

 

We agree these statements are not supported by the facts set
out in Wood=s
affidavit or its attachments, and, therefore, are not competent summary
judgment evidence.  Because these
sentences do not negate the whole affidavit, however, we will consider the
remainder of Wood=s amended affidavit filed in support of
AMS=s
amended response.  See Muhm, 580
S.W.2d at 102.

III. 
STANDARD OF REVIEW

Warm Springs filed a traditional summary
judgment and a no-evidence summary judgment. 
See Tex. R. Civ. P.
166a(c), (i).








We review the trial court=s granting of a
traditional motion for summary judgment de novo.  Natividad v. Alexsis, Inc., 875 S.W.2d
695, 699 (Tex. 1994); Tex. Commerce Bank Rio Grande Valley v. Correa, 28
S.W.3d 723, 726 (Tex. App.BCorpus Christi 2000,
pet. denied).  We must determine
whether the summary judgment proof establishes as a matter of law that there is
no genuine issue of material fact as to one or more of the essential elements
of the plaintiff=s cause of action or whether the defendant
has conclusively established all elements of its affirmative defense.  Velsicol Chem. Corp. v. Winograd, 956
S.W.2d 529, 530 (Tex. 1997); Walker v. Harris, 924 S.W.2d 375, 377 (Tex.
1996); Crain v. Smith, 22 S.W.3d 58, 59 (Tex. App.BCorpus
Christi 2000, no pet.).  The non-movant
has no burden to respond to a traditional motion for summary judgment unless
the movant conclusively establishes its cause of action or defense.  M.D. Anderson Hosp. & Tumor Inst. v. Willrich,
28 S.W.3d 22, 23 (Tex. 2000).








A no-evidence summary judgment asserts
there is no evidence of one or more essential elements of claims upon which the
opposing party would have the burden of proof at trial.  Tex.
R. Civ. P.166a(i).  A no-evidence
summary judgment is essentially a pretrial directed verdict, to which the
appellate courts apply a legal sufficiency standard of review.  Gen. Mills Rests., Inc. v. Tex. Wings, Inc.,
12 S.W.3d 827, 832-33 (Tex. App.BDallas 2000, no pet.); Jackson v.
Fiesta Mart, Inc., 979 S.W.2d 68, 70 (Tex. App.BAustin
1998, no pet.).  In response to a
no-evidence motion, the non-movant is only required to present evidence that
raises a genuine fact issue on the challenged elements.  McCombs v. Children=s Med.
Ctr., 1 S.W.3d 256, 258 (Tex. App.BTexarkana
1999, pet. denied).  A no-evidence
summary judgment is properly granted only if the non-movant fails to bring
forth more than a scintilla of probative evidence to raise a genuine issue of
material fact as to the challenged element of the claims.  Tex.
R. Civ. P. 166a(i); Jackson, 979 S.W.2d at 70-71.

In reviewing a summary judgment under
either standard, Aall evidence is to be construed in favor
of the non-movant, to whom every reasonable inference is allowed and on whose
behalf all doubts are resolved.@  Alvarez
v. Anesthesiology Assocs, 967 S.W.2d 871, 874 (Tex. App.BCorpus
Christi 1998, no pet.).  When the trial
court=s order
does not specify the grounds relied on for the ruling, the summary judgment
will be affirmed if any of the theories advanced in the motion are
meritorious.  Rogers v. Ricane
Enters., Inc., 772 S.W.2d 76, 79 (Tex. 1989).

IV. 
GROUNDS FOR SUMMARY JUDGMENT

By issues one, three, four, and five, AMS
contends the trial court erred in granting summary judgment in favor of Warm
Springs.  Warm Springs=s
traditional motion for partial summary judgment presented three grounds for
summary judgment:  (1) AMS was not a
party entitled to assert a lien under section 53.021 of the Texas Property Code
because it did not labor to construct the hospital; (2) AMS was estopped to
assert the lien because it represented itself to be a payroll service; and (3)
AMS received actual payment of a portion of the amount of money it is claiming
to be due.








By its no-evidence summary judgment, Warm
Springs urged the following bases: (1) the lien affidavit does not contain a
legally sufficient property description, thus, failing to meet the requirements
of section 53.054 of the Texas Property Code; and (2) AMS failed to show that
it was a person entitled to assert a lien pursuant to section 53.021 of the
property code.

Because the trial court did not specify
the basis for the order granting the summary judgment, we will affirm the
judgment if any of the theories advanced in the motion are meritorious.  See id.

A. 
Person Entitled to Assert Lien

Section 53.021 of the Texas Property Code
provides, in relevant part, that a person has a lien if the person labors or
furnishes labor for construction or repair in this state of a house, building,
or improvement, and the person labors or furnishes the labor or materials under
or by virtue of a contract with the owner or the owner=s agent,
trustee, receiver, contractor, or subcontractor.  Tex.
Prop. Code Ann. ' 53.021(a) (Vernon Supp. 2002).

AMS contends it is a party entitled to
assert a lien under section 53.021.  AMS
urges that its summary judgment evidence establishes there is, at a minimum, a
question of fact as to whether AMS is the employer of the laborers, and, thus,
a party entitled to assert a lien under section 53.021.








Warm Springs filed the affidavits of
Graham, Knezek, and Roth in support of its motion.  Graham testified the employees doing the
heating and air conditioning work were Third Coast employees working under his
direction, and that AMS had no employees at the work site and had no authority
or right to direct his work or instruct him in any way.  He also testified he was told AMS was a
payroll service, which was consistent with what he observed.  Knezek testified neither AMS nor its
employees did any work on the project. 
Nor did it have permission or consent to do any work on the
project.  He stated he was aware that the
workers were Third Coast=s employees, doing work for Third
Coast.  Roth testified AMS was not on
site, never performed work on the project, and never had any employees perform
work on site.  He stated AMS did not
improve the real estate, and that the employees performed the labor under the
direction and control of Third Coast.

However, in support of AMS=s
amended response to Warm Springs=s motion, AMS=s
President Wood testified,

AMS and
Third Coast . . . entered into . . . [an] agreement whereby AMS agreed to
furnish labor to be used at the [hospital] . . . , and Third Coast agreed to
pay AMS the invoice price of the labor furnished to Third Coast.  Pursuant to the terms of the agreement, AMS
invoiced Third Coast for the labor and made payroll for Third Coast and Third
Coast agreed to pay AMS a fee for its services.

 

* * * * *

As
evidenced in the attached invoices, paycheck stubs, paycheck and 1998 W-2 form,
. . . AMS was the employer of Johnnie Graham and merely leased him back to
Third Coast.

 








Furthermore, the agreement between AMS and Third Coast,
attached to Wood=s affidavit and incorporated therein,
provides that AMS assumed (1) Athe right of direction and control over
employees assigned to a client=s worksites for administrative purposes;@ (2) Athe
right to hire, fire, discipline, and reassign the assigned employees;@ and (3)
Athe
right of direction and control over the adoption of employment and safety
policies and the management of workers= compensation claims, claim filings, and
related procedures.@ 
The agreement also made reference to AMS providing Aadministrative
co-employment.@

Construing all evidence in favor of AMS,
the non-movant, and allowing every reasonable inference and resolving all
doubts in its favor, we conclude there is a question of fact regarding whether
AMS furnished labor, pursuant to its agreement with Warm Springs, for
construction of the hospital.  See
Alvarez, 976 S.W.2d at 874.  By
reversing the trial court=s grant of Warm Springs=s
summary judgment, we are not holding AMS is a party entitled to a lien under
the mechanic=s lien
statute.  The statutes at issue are not
directed towards persons who furnish administrative services alone.  However, until the question is resolved
regarding whether AMS furnished a service or furnished labor in the actual
construction of the hospital, it cannot be determined whether the mechanic=s lien
statute applies in this instance.  Thus,
Warm Springs is prevented from recovery under either its traditional or its
no-evidence summary judgments on this basis.

B. 
Estoppel Defense








AMS also contends there is a genuine issue
of material fact as to whether AMS was estopped from asserting the lien.  A defendant moving for summary judgment based
on an affirmative defense has the burden to conclusively prove each element of
the affirmative defense as a matter of law.  See Montgomery v. Kennedy, 669 S.W.2d 309,
310-11 (Tex. 1984).  When asserting the
affirmative defense of estoppel, a party must prove:  A(1) a false representation or concealment
of material facts; (2) made with knowledge, actual or constructive, of those facts;
(3) with the intention that it should be acted on; (4) to a party without
knowledge or means of obtaining knowledge of the facts; (5) who detrimentally
relies on the representations.@  Johnson
& Higgins of Tex., Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507, 515
(Tex. 1998). 

Warm Springs pleaded the affirmative
defense of estoppel.  It specifically
asserted in its summary judgment motion, AAMS is estopped to deny it was merely a
third party service for administrative payroll support.@  Warm Springs also contended AAMS
represented in its contract that the employees in question were employees of
Third Coast,@ and
represented that it was merely a payroll service.  Warm Springs alleges it relied on the belief
that AMS was only providing this administrative service, and made payments as
if the employees in question were Third Coast employees.








We find no explicit representations in the
contract that Third Coast was the sole employer of the employees in
question.  We do note Roth testified that
AMS told him it Awas a payroll service engaged by Third
Coast to perform payroll and administrative services.@  However, the contract provides that AMS is in
the business of providing administrative co-employment for a client=s
designated employees, and Third Coast is in need of said administrative
co-employment.  The agreement also
provides AMS assumed the Aright to fire, hire, discipline, and
reassign@ the
employees for administrative purposes, as well as the obligation to adopt
employment and safety policies. 
Furthermore, we find no competent summary judgment evidence of
detrimental reliance on this alleged false representation.  Thus, Warm Springs has not established, as a
matter of law, a false representation or concealment of material facts.  Nor has it conclusively established the
element of detrimental reliance. 
Therefore, construing all evidence in favor of AMS, we conclude there
remains a fact issue as to whether AMS was estopped to deny it was only a third
party service for administrative payroll support.  See Velsicol Chem. Corp., 956 S.W.2d
at 530; Walker, 924 S.W.2d at 377; Crain, 22 S.W.3d at 59.

C. 
Payment Defense

AMS also contends there is a genuine issue
of material fact as to whether a portion of its lien amount is barred by the
defense of payment.  Warm Springs asserts
it paid $5,404.79 of the $14,155.06.  It
urges that its check was endorsed by AMS and was, Awith AMS=s
permission, deposited into Third Coast=s account.@

Roth stated in his affidavit:

AMS told
me it gave Third Coast permission for Third Coast to retain all of the funds of
said check in consideration for Third Coast agreeing to make other payment. . .
.  AMS admitted to Coleman-Roth that it
allowed Third Coast to receive this $5,404.79 money in full in exchange for
Third Coast=s
agreement to provide other consideration.

 

Accordingly, Warm Springs argues it has established payment.

However, Wood set out in his affidavit
that AMS had not been paid the total amount of $14,155.06 that it alleges is
due and owing for labor provided for the project at issue.  Wood testified that this amount had not been
paid by Third Coast, Warm Springs, or Coleman-Roth.  Furthermore, Wood=s
affidavit provided that AMS had not released these entities from their
responsibility for payment of the obligation.








Accordingly, based on our review of the
evidence supporting the motion and amended response, and construing all
evidence in favor of AMS, we conclude there is an issue of fact regarding Warm
Springs=s
defense of payment.  See Velsicol
Chem. Corp., 956 S.W.2d at 530; Walker, 924 S.W.2d at 377; Crain,
22 S.W.3d at 59.  Warm Springs has not
conclusively established partial payment of the amount allegedly due.

D. 
Lien Affidavit

Finally, Warm Springs argues, as a ground
for its no-evidence summary judgment, that AMS=s lien
affidavit is not valid as a matter of law because it describes property in the
wrong county, and does not have a legally sufficient property description.  Section 53.054(a) of the Texas Property Code
provides that  the lien affidavit, filed
in support of the lien, must contain substantially Aa
description, legally sufficient for identification, of the property sought to
be charged with the lien.@  Tex. Prop. Code Ann. '
53.054(a)(6) (Vernon 1995).  In this
case, the affidavit set out, in relevant part, that AMS Afurnished
labor for the improvement of the following described land in Brazoria County[,]
Texas: Warm Springs Medical Center[,] 102 Medical Drive[,] Victoria.@  It identified the owner or reputed owner of
the land and improvements as AWarm Springs Rehabilitation Foundation[,]
102 Medical Drive[,] Victoria[,] Texas 77901.@[7]








AThe descriptive words in an instrument
should be given a liberal construction, in order that the writing may be
upheld, and parol evidence is admitted to explain the descriptive words and to
identify the land; but the instrument itself must contain a nucleus of
description.@  Palomita, Inc. v. Medley, 747 S.W.2d
575, 576 (Tex. App.BCorpus Christi 1988, no writ) (quoting Smith
v. Sorelle, 126 Tex. 353, 87 S.W.2d 703, 705 (1935)).  The general test for determining the
sufficiency of a description of the land is whether the tract can be identified
with reasonable certainty.  See Zobel
v. Slim, 576 S.W.2d 362, 369 (Tex. 1978).

Although AMS=s lien
affidavit incorrectly identified the county as Brazoria County, the affidavit
substantially describes the property at issue. 
It sets out that the property is located at 102 Medical Drive, Victoria,
Texas.  It identifies the owner, Warm
Springs, as being located at the same address as the land at issue.  Giving a liberal construction to the
descriptive words in the lien affidavit, we conclude the lien furnishes a Anucleus
of description@ sufficient to identify the land claimed
as required by Texas law.  See Smith,
87 S.W.2d at 705.  From the description
of the property, the land could be identified with reasonable certainty.  See Zobel, 576 S.W.2d at 369.  Thus, AMS=s lien
affidavit provides a legally sufficient property description and is valid as a
matter of law.








Because we cannot affirm the summary
judgment on any theory advanced in Warm Springs=s
traditional or no-evidence summary judgment motion, we conclude the trial court
erred in granting summary judgment in favor of Warm Springs.  See Rogers,  772 S.W.2d at 79.  AMS=s first, third, fourth, and fifth issues
are sustained.

V. 
CONCLUSION

Accordingly, we reverse and remand this
cause to the trial court for further proceedings.                                                                                          

NELDA V. RODRIGUEZ

Justice

 

Publish.

Tex. R. App. P. 47.3.

 

Opinion
delivered and filed

this
21st day of November, 2002.

 











[1]AMS
also sued subcontractor, Third Coast Mechanical Contractors, Inc. (Third
Coast), for breach of contract and on a sworn account.  AMS claimed Third Coast owed it $14,155.06
for labor AMS furnished to Third Coast to improve Warm Springs=s
property.  The trial court granted AMS=s
default judgment against Third Coast.  That
default judgment is not being challenged on appeal.





[2]Warm
Springs also crossclaimed against Third Coast for contribution and
indemnity.  However, Warm Springs=s
motion for summary judgment was granted, therefore, it was not necessary to
address issues related to contribution and indemnity.





[3]This
appeal is limited to the summary judgment entered in favor of Warm
Springs.  AMS brings no appeal regarding
the bench trial on attorneys=
fees.

 

Furthermore, based on our review of the record, the judgment
was final and appealable as to all parties and claims.  See Lehmann v. Har-Con Corp., 39
S.W.3d 191, 195 (Tex. 2001).





[4]Coleman-Roth
Construction, Inc., is now known as Roth Construction.





[5]AMS
also complains of the following sentence contained in this paragraph:  AAMS
did not improve this real estate in Victoria, Texas.@  However, this same statement appears earlier
in the affidavit, without objection.





[6]The
affidavit of an interested witness may serve as competent summary judgment
proof so long as the affidavit is clear, positive, and direct; otherwise
credible and free from contradictions and inconsistencies; and readily
controvertible.  See Tex. R. Civ. P. 166a(c); Trico
Techs. Corp. v. Montiel, 949 S.W.2d 308, 310 (Tex. 1997); Gordon v.
Western Steel Co., 950 S.W.2d 743, 749 (Tex. App.BCorpus
Christi 1997, pet. denied).





[7]We
also note the lien was filed in Victoria County, Texas.