NO.
12-06-00141-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

VERNON D.
RAY,    §                      APPEAL
FROM THE FOURTH

APPELLANT

 

V.        

 

LAMAR
ELDER, JR., FERRIA JEAN       §                      JUDICIAL DISTRICT COURT OF

ELDER, RODNEY ELDER, PATRICIA

C. JONES, WILBERT R. ELDER,

BARBARA F. COX, LACETTA R. ELDER

AND PAMELA ELDER,

APPELLEES §                      RUSK COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

            Appellant
Vernon D. Ray appeals a summary judgment granted in favor of Appellees, Lamar
Elder, Jr., Ferria Jean Elder, Rodney Elder, Patricia C. Jones, Wilbert R.
Elder, Barbara F. Cox, Lacetta R. Elder, and Pamela Elder.  In two issues, Ray argues that the deed in
controversy was not void for uncertainty and, alternatively, that if the deed
was ambiguous, the case should be remanded for a trial on the merits.  We affirm.

 

Background

            On June 9, 1995, Vernon D. Ray
recorded a mineral deed dated March 4, 1994 in the land records of Rusk County,
Texas (the “1994 deed”).  The deed named Almore
Kennedy Elder as the grantor and  stated
that Elder conveyed Ray one hundred percent of her minerals from land situated
in Rusk County, Texas, “to wit: Division of interest on page 4 attached hereto
and made a part hereof.”  Attached to the
recorded deed were three pages of an exhibit (Exhibit “A”) containing the metes
and bounds descriptions of twenty-four tracts of land.  The deed does not include any reference to
Exhibit “A.”  On June 17, 1999, Ray
recorded a certified copy of the 1994 deed. However, the rerecorded deed (the “1999
deed”) contained two additional pages. 
The first was “Exhibit A. Page 4,” which was entitled “Division of
Interest.”  The second was a page
containing the metes and bounds descriptions of three tracts of land in Rusk
County, Texas.

            On March 22, 2004, Appellees, who
are the heirs and beneficiaries of Almore Kennedy Elder, filed a trespass to
try title action against Ray alleging that the 1994 deed was void. Appellees
also alleged fraud, claiming that Ray forged Elder’s signature on the mineral
deed and/or its attachments, and made intentional misrepresentations to Elder
for the purpose of obtaining her reliance. 
Ray filed an answer, which included a general denial and a plea of “not
guilty” to the trespass to try title action along with allegations that
Appellees’ claims were barred by the applicable statutes of limitation, res
judicata, and/or collateral estoppel, laches, and waiver.  Appellees filed a motion for partial summary
judgment, stating that they were entitled to summary judgment as a matter of
law because the 1994 deed was void.  More
specifically, Appellees stated that the 1994 deed did not contain a valid
property description because the deed, as originally recorded, did not include
page 4 or a division of interests. 
Appellees contended that the descriptions attached to the 1994 deed as
Exhibit “A” were insufficient because they were not expressly incorporated into
the language of the  granting clause of
the deed.  They further asserted that,
because the granting clause mentions only Rusk County, the Gregg County lands
listed in Exhibit “A” cannot be included in the grant.  Finally, Appellees stated that Ray could not
rely on the 1999 deed for title because he did not use the original deed to
rerecord it, did not make a diligent search for the original deed, and altered
the certified copy of the 1994 deed by adding pages to it before he recorded
it.  As part of their summary judgment
proof, Appellees attached a copy of Ray’s deposition in which he stated that page
4 of Exhibit “A” was originally attached to the deed, but that, in copying the
deed, he failed to reattach page 4.  He
also admitted that he did not recall whether the page containing the
descriptions of the three Rusk County tracts was part of the 1994 deed.  He stated that he attached the page to the
1999 deed because the oil company told him three tracts from the 1994 deed did
not include the county in the descriptions. 
At another point in his deposition, he said the oil company told him the
three tracts were missing from the deed and he needed to get descriptions of
them. 

            Ray filed a motion for partial
summary judgment, stating that he was entitled to summary judgment because the
deed was voidable, not void, Appellees’ claims and facts did not support their
suit for trespass to try title, and Appellees’ other claims were barred by
limitations.  On June 14, 2005, the trial
court granted Appellees’ motion for partial summary judgment and denied Ray’s
motion. Moreover, the trial court stated that there was no genuine issue of
material fact regarding Appellees’ claim that the 1994 deed was void. Ray filed
a motion to set aside the trial court’s order based on new case law.  The trial court denied Ray’s motion and, on
March 30, 2006, signed a final judgment in favor of Appellees and against Ray
on all claims.  This appeal followed.

 

Summary Judgment 

            In his first issue, Ray argues that
the trial court erred as a matter of law when it declared that the deed was
void for uncertainty.

Standard
of Review

            In reviewing a traditional motion
for summary judgment,[1] we apply the standards established in
Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49
(Tex. 1985), which are (1) the movant for summary judgment has the burden of
showing that there is no genuine issue of material fact and that it is entitled
to judgment as a matter of law; (2) in deciding whether there is a disputed
material fact issue precluding summary judgment, evidence favorable to the
nonmovant will be taken as true; and (3) every reasonable inference must be
indulged in favor of the nonmovant and any doubts resolved in its favor.  See id. at 548-49.  For a party to prevail on a motion for
summary judgment, he must conclusively establish the absence of any genuine
question of material fact and that he is entitled to judgment as a matter of
law.  See Tex. R. Civ. P. 166a(c). 
A movant must either negate at least one essential element of the
nonmovant's cause of action or prove all essential elements of an affirmative
defense.  See Randall's Food
Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex.1995); see also
MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986).  Since the burden of proof is on the movant,
and all doubts about the existence of a genuine issue of material fact are
resolved against the movant, we must view the evidence and its reasonable
inferences in the light most favorable to the nonmovant.  See Great Am. Reserve Ins. Co.
v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965).  We are not required to ascertain the
credibility of affiants or to determine the weight of evidence in the
affidavits, depositions, exhibits, and other summary judgment proof.  See Gulbenkian v. Penn,  252 S.W.2d 929, 932 (Tex. 1952).  The only question is whether an issue of
material fact is presented. See Tex.
R. Civ. P. 166a(c).

            Once the movant has established a
right to summary judgment, the nonmovant has the burden to respond to the
motion for summary judgment and present to the trial court any issues that would
preclude summary judgment.  See, e.g.,
City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671,
678-79 (Tex. 1979).  All theories in
support of or in opposition to a motion for summary judgment must be presented
in writing to the trial court.  See
Tex. R. Civ. P. 166a(c).  When, as here,  parties file cross motions for summary
judgment, each party in support of its own motion necessarily takes the
position that there is no genuine issue of fact in the case and that it is
entitled to judgment as a matter of law. 
Lambrecht & Assocs., Inc. v. State Farm Lloyds, 119
S.W.3d 16, 20 (Tex. App.–Tyler 2003, no pet.). 
If one motion is granted and the other denied, we must review the
summary judgment evidence presented by both sides and determine all questions
presented.  Id.  In so doing, we first review the order
granting summary judgment and if we determine the order was erroneous, we
review the trial court’s action in overruling the denied motion.  Id.  We may then either affirm the judgment or
reverse and render the judgment the trial court should have rendered, including
one that denies both motions.  Id.

Construction
of Deeds

            We construe a deed as a matter of
law.  J. Hiram Moore, Ltd. v. Greer,
172 S.W.3d 609, 613 (Tex. 2005); Chambers v. Huggins, 709 S.W.2d
219, 221 (Tex. App.–Houston [14th Dist.] 1986, no writ). The rules of
construction require that (1) where there is no ambiguity, a deed will be
enforced as written even if it does not express the original intention of the
parties; (2) the intention of the parties must be ascertained from the entire
instrument, and not isolated portions thereof; (3) deeds are construed to
confer the greatest estate that their terms will permit; (4) grants are
liberally, and exceptions strictly, construed against the grantor; (5) deeds
capable of two constructions are construed to convey to the grantee the largest
estate possible; (6) it is presumed that all promises and agreements were
merged into and fully expressed by the written instrument; and (7) an
unambiguous written document will be enforced as written and cannot be varied
or contradicted by parol testimony unless it is clearly alleged and proved that
its execution was procured by fraud, accident, or mistake. Chambers,
709 S.W.2d at 222.

            To be sufficient, a description of
land in a deed must be so definite and certain upon the face of the instrument
itself, or by other writing referred to, that the land can be identified with
reasonable certainty.  Smith v.
Sorelle, 126 Tex. 353, 357, 87 S.W.2d 703, 705 (1935); Templeton
v. Dreiss, 961 S.W.2d 645, 658 (Tex. App.–San Antonio 1998, pet.
denied).  Thus, if there appears in the
instrument enough to enable one by pursuing an inquiry based upon the
information contained in the deed to identify the particular property to the
exclusion of others, the description will be held sufficient.  Templeton, 961 S.W.2d at
658.  This has been referred to as the “nucleus
of description” theory.  Westland
Oil Dev. Corp. v. Gulf Oil Corp., 637 S.W.2d 903, 909 (Tex. 1982).  The description in a deed is not required to
be mathematically certain, but only reasonably certain so as to enable a party
familiar with the locality to identify the premises to be conveyed to the
exclusion of others.  Templeton,
961 S.W.2d at 659.  A deed should not be
declared void for uncertainty if it is possible, by any reasonable rules of
construction, to ascertain from the description, aided by extrinsic evidence,
what property the parties intended to convey. 
Teledyne Isotopes, Inc. v. Bravenec, 640 S.W.2d 387, 389
(Tex. App.–Houston [1st Dist.] 1982, writ ref’d n.r.e.).  Every presumption should be indulged to reach
the conclusion that some interest should be passed by a deed.  Templeton, 961 S.W.2d at 657.

            If a conveyance of an interest in
real property does not sufficiently describe the land to be conveyed, it is
void under the statute of frauds.  See
Pick v. Bartel, 659 S.W.2d 636, 637 (Tex. 1983); Greer v.
Greer, 191 S.W.2d 848, 849 (Tex. 1946). 
Such a deed will not support an action for specific performance or a
suit for damages for a breach of contract. 
See Wilson v. Fisher, 188 S.W.2d 150, 152 (Tex. 1945).

Analysis

            In determining whether the trial
court properly found that the deed was void and granted Appellees’ motion for
summary judgment, we must decide if the property description in the deed is
sufficient to pass title to the mineral interests purportedly conveyed.  See Templeton, 961 S.W.2d at
658.  As stated above, the deed purports
to convey all of the minerals owned by Almore Kennedy Elder in certain lands
located in Rusk County, Texas.  Attached
to the 1994 deed is a three page exhibit containing metes and bounds
descriptions of twenty-four tracts of land. 
This deed includes no reference to Exhibit “A.”  The granting clause refers only to “Division
of interest on page 4 attached hereto and made a part hereof.”  Ray argues that it was not necessary for the
granting clause to refer to this exhibit because the function of a deed is to
furnish a means for identifying the land. Moreover, Ray contends that the
reference to the division of interest on page 4 provides notice that there was
a four page attachment to the deed. We disagree.  An unsigned paper may be incorporated by
reference in a paper signed by the person sought to be charged.  When real property is conveyed, it is not
uncommon for the property description to be included in an exhibit that is
attached to the deed and expressly incorporated into the deed by reference.  The language used to incorporate the exhibit
is not important provided the deed 
plainly refers to the exhibit.  See
Owen v. Hendricks, 433 S.W.2d 164, 166 (Tex. 1968).  However, the deed in this case includes no
reference to Exhibit “A.”  Because the
granting clause describes only page 4 as “attached hereto and made a part
hereof,” we conclude that the remaining three pages of Exhibit “A” are not part
of the deed.  Thus, we cannot consider
the first three pages of Exhibit “A” in our determination of the adequacy of
the property description.[2]

            Ray also argues that the general
grant on page 4 effectively conveyed everything Elder owned.  However, the general grant to which Ray
refers is one sentence in a paragraph above the descriptions on page 4 stating
that “[t]his grant does so includs. [sic] all of the lands owned by Grantor.”  A deed purporting to convey all lands owned
by the grantor in the state or in a named county is a sufficient description to
effect a conveyance.  Harlan
v. Vetter, 732 S.W.2d 390, 394 (Tex. App.–Eastland 1987, writ ref’d
n.r.e.) (quoting Texas Consol. Oils v. Bartels, 270 S.W.2d 708
(Tex. Civ. App.–Eastland 1954, writ ref’d)). However, this sentence does not
purport to convey all of the lands owned by the grantor in Texas or in a named
county.  See id.  Thus, this description is insufficient to
effect a conveyance. We now turn to the descriptions on page 4 of Exhibit “A”
to determine whether the land can be identified with reasonable certainty to
the exclusion of other tracts.[3] 
See Templeton, 961 S.W.2d at 658. 

            Page 4 contains references to
fifteen royalty interests, but no references to the underlying mineral
interests.  The first seven royalty
interests are identified by the name and number of an oil or gas unit, the name
of an oil company, an abstract number and/or a survey name, and what appears to
be the total number of acres in the unit. Only one of these descriptions
includes the county in which the unit is located.  That county is not Rusk County, the county
named in the granting clause of the deed, but Gregg County.  Moreover, none of these descriptions refers
to any existing writing by which the land may be identified with reasonable
certainty.  See Westland Oil Dev.
Corp., 637 S.W.2d at 909. 
Further, the abstract numbers alone, without an adequate description of
the land owned by Elder within these abstracts, are insufficient to identify
the land with reasonably certainty to the exclusion of other tracts.  See Templeton, 961 S.W.2d at
658.

            The next eight descriptions include
the name of an oil company, the name and number of the oil or gas unit, and the
county in which the unit is located. 
None of these eight descriptions identifies  the survey in which these units are located.  As such, it is impossible to determine where
these lands are located within the particular county.  See id.  Moreover, none of these descriptions refers
to some other existing writing by which the land may be identified with
reasonable certainty.  See Westland
Oil Dev. Corp., 637 S.W.2d at 909. 

            Because the descriptions on page 4
do not provide a means for identifying the lands referred to in the granting
clause with reasonable certainty, the descriptions are insufficient to pass
title. Consequently, we conclude that there is no genuine issue of material
fact that the deed, recorded in 1995 and rerecorded in 1999, is void.  Therefore, the trial court did not err in
granting Appellees’ motion for summary judgment.  Accordingly, we overrule Ray’s first
issue.  Because Ray’s first issue is
dispositive, we need not consider his remaining argument.

 

Disposition

            The judgment of the trial court is affirmed.

 

 

 

 

                                                                                                   JAMES T. WORTHEN   

                                                                                                               Chief Justice

 

 

 

 

Opinion delivered May 29, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

                                                                                                                                    

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)




Appendix

 








TRAWICK
GAS UNIT#54

EXXON
CORPORATION                         .000282RI

AB
14 ETL M.F. HUJAS ETL SUR

653.950
ac

 

KENNEDY
GAS#3

UNION
PACIFIC RESOURCES CO.        . 001326RI

334.720ac

AB
46 RUSSELL WILLIAMSON SUR

 

CARTHAGE
111 UNIT. 702.870ac

KENNEDY
1.2.3.FOSTER 1.                   
.000484RI

 

HUTCHINGS
J GAS UNIT#

TOTAL
MINATOME CORPORATION

643.860AC                                                  
.000484 RI

AB
42 J WALLING SUR

 

KENNEDY
GAS UNIT #4

UNION
PACIFIC RESOURCE                 
.0016414 RI

AB
46 RUSSELL WILLIAMSON SUR

320.000ac

 

KENNEDY
GAS UNIT#5 (702.870ac           .001833

UNION
PACIFIC RESOURCE CO

AB
42 JOHN WALLING SUR

GREGG
COUNTY TEXAS. LNGV 603%

 

BUFORD
BLOW GAS UT#1(#1 1&2

615.880
ac

UNION
PACIFIC RESOURCE CO             .000561
RI

AB
46 ETAL WILLIAMSON RTAL SUR




MAJOR
KENNEDY ESTATE#1

UNION
PACIFIC OIL&GAS CO         
.00183290RI

RUSK
COUNTY TEXAS.

 

UNION
PACIFIC COMPANY

MAJOR
KENNEDY ESTATE#2            .00183290RI

RUSK
COUNTY TEXAS

 

MAJOR
KENNEDY ESTATE#3             .00183290RI

UNION
PACIFIC OIL&GAS CO.

RUSK
COUNTY TEXAS.

 

UNION
PACIFIC COMPANY                
.00162880RI

MAJOR
KENNEDY#4

RUSK
COUNTY TEXAS

 

UNION
PACIFIC COMPANY                
.00183290RI

MAJOR
KENNEDY#5

RUSK
COUNTY TEXAS

 

UNION
PACIFIC COMPANY

MAJOR
KENNEDY#6                        
0.00162880RI

RUSK
COUNTY TEXAS

 

UNION
PACIFIC COMPANY

MAJOR
KENNEDY#9                        
0.00162880RI

RUSK
COUNTY TEXAS

 

UNION
PACIFIC COMPANY

FOSTER#(S.I)                                         
.00183290RI

RUSK
COUNTY TEXAS











[1] See Tex. R. Civ. P. 166a(c).





[2] We also do not consider the second page that was added to the 1999
deed, because the record does not show that it was originally part of the 1994
deed.





[3] The descriptions on page 4 of Exhibit “A” are contained in Appendix A
to this opinion.